IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA RECEIVED
NORTHERN DIVISION

2008 JAN -2 P 3: 14

GENE WINDHAM and
LILLIE MAE WINDHAM,

DEBRA P. HACKETT, CLK
U.S. DIST...CT COURT
MIDDLE DISTRICT ALA

    Plaintiffs,

VS.

    CASE NUMBER  2: 08 CV 007- MHT

HUDDLE HOUSE, INC.,
GWYNNE STRAUGHN, et al.,

    Defendants.

## PETITION FOR AND NOTICE OF REMOVAL

    Comes now Defendant Huddle House, Inc., a corporation, pursuant to 28 U.S.C. §1446, for the purpose of seeking removal of that certain action styled Gene Windham and Lillie Mae Windham, Plaintiff, vs. Huddle House, Inc., Gwynne Straughn, et al., Defendant, Civil Action No. CV-2007-01, from the Circuit Court of Covington County, Alabama, in which the same is now pending, to the United States District Court for the Middle District of Alabama, Northern Division, and respectfully shows unto the Court as follows:

    1.    Gene Windham and Lillie Mae Windham, the Plaintiffs in the above-referenced cause, are residents and citizens of the State of Alabama.

    2.    Defendant Huddle House, Inc., was on the date the original action was commenced and is now a resident and citizen of the State of Georgia. The defendant described as "Gwynne Straughn" is an unserved defendant, and is alleged to be a resident of the State of Alabama, however, the citizenship of defendant Straughn is to be ignored for purposes of determining diversity of citizenship due to her status as a defendant unserved with process for in excess of 120 days; further, only one attempt at service of defendant Straughn has been made by plaintiff, that unsuccessful attempt being returned "unclaimed" on or about January 8, 2007. As no further attempt to serve this defendant has been made for just days short on one calendar year, it appears that the joinder of this defendant was made for the purpose of defeating diversity jurisdiction.

    3.    This cause was filed by the above-named Plaintiff in the Circuit Court of Covington County, Alabama, on January 2, 2007, by the filing of the complaint and an issuance of a summons thereon. The Plaintiffs are seeking recovery of a sum in excess of seventy-five thousand dollars ($75,000.00). Though the complaint is indeterminate in its ad damnum, attached as exhibit 1 to this petition is correspondence from plaintiffs' counsel assessing damages at $250,000.00, an amount in excess of the minimum jurisdictional limits of the U.S. District Court.

    4.    The above entitled cause is an action of a civil nature and the amount in

controversy exceeds the sum of seventy-five thousand dollars ($75,000.00), exclusive of interest and costs.

The Plaintiffs were at the time the aforementioned state court action was commenced, and still are, residents and citizens of the state of Alabama (except that the plaintiff Lillie Mae Windham is now deceased, proper suggestion of which death has been made upon the record in the proceedings in state court). Defendant Huddle House, Inc., was at the time the aforementioned state court action was commenced, and still is, a resident and citizen of the State of Georgia.

Accordingly, the claim in this action against the Petitioner is one of which this Court has original jurisdiction under the provisions of 28 U.S.C. §1332.

5.    A copy of the summons and complaint are attached hereto as Defendant's Exhibit 2, together with all other process, pleadings and orders filed in the above-styled action. This petition for removal is not filed within thirty days of the date your Petitioner received service of process; however, the presence of an unserved resident defendant has prevented removal of this cause by defeating diversity; the cause is being removed on the last day available to remove the cause to the United States District Court based on what appears to have been joinder of the non-diverse defendant solely for the purpose of defeating diversity jurisdiction; i.e., fraudulent joinder.

6.    Your Petitioner desires to remove the aforementioned state court action into the United States District Court for the Middle District of Alabama, pursuant to the Acts of Congress in that behalf made and provided and pursuant to the provisions of the Federal Rules of Civil Procedure.

7.    Your Petitioner asserts that all served defendants consent to the removal of this action to the United States District Court, but that no consent has been obtained from the non-served defendant as there has been no communication in that regard.

WHEREFORE, your Petitioner prays that the removal of said cause into the United States District Court for the Middle District of Alabama be effected and no further or other proceedings may be had with respect to this matter in the Circuit Court of Covington County, Alabama, pending the final decision and determination of this controversy in the United States District Court.

STATE OF ALABAMA
COVINGTON COUNTY

Personally appeared before me, the undersigned authority, within and for said State and County, John M Peek, who, being first duly sworn, deposes and says that he is the attorney in the above-entitled cause for Huddle House, Inc.; that he is familiar with the allegations of the foregoing petition; that he is informed and believes that the allegations of said petitioner are true and correct, and that upon such information and belief, states the allegations of said petition are true and correct.

John M Peek

Sworn to and subscribed before me on January 2, 2008.

_Toni G. Grimes_
Notary Public

My Commission Expires _10-17-2011_

Respectfully submitted,

JOHN M PEEK, P. C.

By _John M Peek_
John M Peek
416 South Three Notch Street
Andalusia, Alabama 36420
334/427-8082
Attorney for Defendant Huddle House, Inc.

## CERTIFICATE OF SERVICE

I hereby certify that I have this date served a copy of the above and foregoing on all counsel of record for the parties by placing a copy of same in the United States mail, postage prepaid and addressed to their regular mailing address as follows:

Thomas B. Albritton
Albrittons, Clifton, Alverson, Moody & Bowden
109 Opp Avenue
Post Office Drawer 880
Andalusia, AL 36420

January 2, 2008.

_John M Peek_
John M Peek

EXHIBIT 1

# JONES & JONES, P.C.

**ATTORNEYS AND COUNSELORS AT LAW**
530 EAST THREE NOTCH STREET
ANDALUSIA, ALABAMA 36420
TELEPHONE (334) 222-3161
FACSIMILE (334) 222-3163
E-MAIL joneslaw@andycable.com



J. FLETCHER JONES
JOHN F. JONES, JR.
STACY B. BROOKS

MAILING ADDRESS:
P.O. DRAWER 1128
ANDALUSIA, AL 36420

June 29, 2006

*MARY,*
*REVIEW AND DISCUSS*
*WITH EDDIE*
*LT 7/5/06*

Ms. Mary Martin, AIC, WCLS
Claims Representative
American Resource Insurance Company
P.O. Box 91149
Mobile, AL 36691

Re:     Our Client: Lillie Mae Windham
        Your Insured: Huddle House
        Your Claim No.: 06-L-33974
        DOA: 1/19/06

Dear Ms. Martin:

Our law firm represents Ms. Lillie Mae Windham regarding her personal injury claim against your insured, Huddle House. Lillie Mae is eight-five (85) years old. I am sending this letter in hope of amicably settling this claim.

## I. Factual Summary

On January 19, 2006, Lillie Mae seriously injured her left knee when she tripped and fell onto a raised and unmarked sidewalk (7.1 inches) just outside the Huddle House restaurant in Andalusia, Alabama. Lillie Mae had decided not to use the handicap ramp because the ramp was, in her words, "too steep." Lillie Mae made the conscious decision to attempt to step up onto the 7.1 inch sidewalk rather than using the handicap ramp because she knew the ramp was unsafe. In other words, Lillie Mae chose the lesser of two evils by trying to step up onto the sidewalk.

Ms. Mary Martin, AIC, WCLS
June 29, 2006
Page Two

## II. Liability

The Americans with Disabilities Act, hereinafter referred to as ADA, provides that for every inch in height of a handicap ramp, the ramp should extend 12 inches. *See enclosed page from the ADA Compliance Guide, section 4.8.2.* ( Exhibit "A")  The handicap ramp at the Huddle House is 7.1 inches high and 65.5 inches long. According to the **minimum** standards of the ADA guidelines, a handicap ramp that is 7.1 inches high should be 85.20 inches long.  The ramp at the Huddle house is 19.70 inches too short and therefore, not in compliance with the ADA.

Huddle House negligently and/or wantonly permitted or allowed a dangerous condition and/or hazard to exist on its premises by ignoring the ADA guidelines for handicap ramps. In this regard, Huddle House had actual or constructive notice of their noncompliance of said ADA guidelines and failed to correct said deficiency.

## III. Law

There is no question regarding whether Lillie Mae was an invitee. An invitee is one who enters and remains on the premises of another at the express or implied invitation of the owner or occupant and for a purpose in which the owner or occupant has a beneficial interest. *Kitchens v. United States,* 604 F. Supp. 531 (N. D. Ala. 1985).

It is well established that a store owner has a duty to "exercise reasonable care to provide and maintain reasonably safe premises for the use of his customers." *Denmark v. Mercantile Stores Co., Inc.* 844 So. 2d 1189, 1192 (Ala. 2002), quoting *Maddox v. K-Mart Corp.* 565 So. 2d 14, 16 (Ala 1990). Where the Defendant or his employees have affirmatively created the dangerous condition, the Plaintiff does not have to prove the Defendant had knowledge of the hazard. In such cases, "the courts presume notice." See *Denmark v. Mercantile Stores Co., Inc.,* supra, at 1192. For your convenience, I am enclosing a copy of the Denmark case. (Exhibit "B")

## IV. Personal Injuries

A fair review of the enclosed medical reports on Lillie Mae make it apparent that she sustained significant injuries.  As a consequence of Huddle House's negligence and/or wantonness in not complying with the ADA, Lillie Mae suffered a comminuted fracture to the left patella, shoulder strain, contusion of the elbow, lacerations on her hands and bruises all over her body. Additionally, Lillie Mae has had to endure several months of painful physical therapy.  These injuries are particularly profound for a person of Lillie Mae's advanced years.

Ms. Mary Martin, AIC, WCLS
June 29, 2006
Page Three

## V.  Loss of Enjoyment of Life

Perhaps the most destructive aspect of Lillie Mae's injuries is what it has done to her life. The fall has caused Lillie Mae to suffer emotional problems due to her physical limitations,  pain and suffering; hence, Lillie Mae also has a viable claim for the loss of enjoyment of life damages. As you know, loss of life damages are not pain and suffering damages.  Loss of enjoyment of life damages represent the deprivation, impairment or inability to engage in activities or perform in activities and functions which were a part of Lillie Mae's ability or right to enjoy activities that were enjoyed prior to her fall that is the subject of loss of enjoyment of life damages.  Simply put, if Lillie Mae has lost any pursuits and pleasures of life, she is entitled to be compensated for that loss.  See Rufino v. U.S., 829 F. 2d 354, 360 (2d Cir. 1987); Kramer, Carleton Robert; Comment, *Loss of Enjoyment of Life as a Separate Element of Damages*, 12 Pac. L.J. 965 (1981).

Because of the injuries she received from the fall, Lillie Mae was unable to do normal everyday activities that you and I take for granted.  Lillie Mae fatigued easily when standing and had lower standing endurance for functional activity at home.  For example, Lillie Mae could not wash dishes, cook, mop, or sweep the floor.  Also, Lillie Mae's ability to walk was decreased, and she was unable to participate in activities requiring excessive movement, like playing with her many grandchildren.  Frankly, no amount of money will fully compensate Lillie Mae for what Huddle House's negligent and/or wanton conduct put her through.

A complete description of the effect Lillie Mae's injuries have had on her lifestyle exceeds the scope of this letter.  As Lillie Mae recently reminded me, men and women in their mid-eighties appreciate the simple fact that their time on this earth is "about shot."  With this in mind, every day is precious to her.  Unfortunately, Huddle House's negligent and/or wanton conduct robbed something from Lillie Mae that she can never regain, time.  One can only imagine the impact this fall has had on her life.

### VI. Punitive Damages

Because Huddle House wantonly disregarded the ADA guidelines, we believe that a claim for punitive damages must be considered.  Punitive damages are designed to punish a defendant and/or to deter others from ever repeating the action that resulted in the injury of the victim.  In this case, one must consider the fact that the Huddle House caters to the elderly.  In spite of this fact, the Huddle House recklessly and or wantonly disregarded the minimum ADA guidelines for handicap ramps.

Ms. Mary Martin, AIC, WCLS
June 29, 2006
Page Four

## VII. Loss of Consortium

Lastly, Lillie Mae's husband, Gene Windham, has a viable claim for the loss of consortium of his wife. Because of Lillie Mae's personal injuries, Gene's companionship with Lillie Mae has been diminished. Benefits of consortium include: household services, support, love, companionship, guidance, society, affection, and solace.

## VIII. Conclusion

Currently, Lillie Mae's out-of-pocket medical and related costs are in the neighborhood of $8,870.12. This figure **does not** include future medical expenses and/or future prescription medicine expenses. Nor does this figure include damages for significant pain and suffering, punitive damages and the loss of the enjoyment of life. Additionally, as stated above, we believe that Gene has a legitimate claim for damages by way of a loss of consortium claim.

Taking into consideration the liability factors and the nature and extent of her injuries, we value Lillie Mae's claim to be in excess of $250,000.00. In the spirit of compromise, however, Lillie Mae and Gene have authorized me to extend an offer of settlement for the limits of Huddle House's liability insurance coverage. This demand is based on the assumption that Huddle House does not carry excess or have an umbrella policy for additional coverage above its liability policy with your company. In this regard, I need a document proving that Huddle House has no excess or umbrella policies with other insurance companies. Please accept this demand as firm.

To assist you in your evaluation, I am enclosing copies of Lillie Mae's medical records (Exhibit "C"); copies of Lillie Mae's medical bills (Exhibit "D"); an itemized list of Lillie Mae's medical expenses to date (Exhibit "E"); and two (2) photographs of the ramp at the Huddle House.

Suffice it to say that Lillie Mae and her husband, Gene, will make extremely sympathetic witnesses whose story can easily be expected to move a jury to return a significant reward against your insured. I appreciate your anticipated cooperation.

Sincerely,

Stacy B. Brooks

Stacy Bryan Brooks

SBB/kmf

Enclosures

EXHIBIT 2

# IN THE CIRCUIT COURT OF COVINGTON COUNTY, ALABAMA

Gene Windham et al,          *

     Plaintiff,               *

Vs.                      *          CV-07-01

Huddle House Inc   et al     *

     Defendant.             *

     I, Roger A. Powell, Clerk of the Circuit Court of Covington County, Alabama, hereby certify that the enclosed is a full, true and correct copy of the orders, proceedings, and case action summary in the above-entitled cause.

     Dated this the 2nd day of January, 2008.


                    *Roger a. Powell*
               Roger A. Powell, Circuit Clerk
               Covington County, Alabama

```
| AVSO351                                              CV 2007 000001.00 |
|                                                                        |
|                                     JUDGE: M. ASHLEY MCKATHAN          |
|------------------------------------------------------------------------|
|                  ALABAMA JUDICIAL DATA CENTER                          |
|                    CASE ACTION SUMMARY                                 |
|                       CIRCUIT CIVIL                                    |
|------------------------------------------------------------------------|
|  IN THE CIRCUIT  COURT OF COVINGTON         COUNTY                     |
|                                                                        |
|   GENE WINDHAM ET AL VS HUDDLE HOUSE INC ET AL                         |
|  FILED:   01/02/2007 TYPE: NEGLIGENCE-GENERAL    TYPE TRIAL: JURY      TRACK: |
|                                                                        |
|***********************************************************************|
| DATE1:           CA:                    CA DATE:                       |
| DATE2:           AMT:           $.00  PAYMENT:                         |
| DATE3:                                                                 |
|***********************************************************************|
|  PLAINTIFF  001: WINDHAM GENE                                          |
|                                     ATTORNEY: ALBRITTON THOMAS BYNUM   |
|                                     ALB009    P O BOX 880              |
|                   , AL  00000-0000                                     |
|                  PHONE: (334)000-0000          ANDALUSIA, AL  36420    |
|  ENTERED:  01/02/2007 ISSUED:            TYPE:          (334)222-3177  |
|  SERVED:              ANSWERED:            JUDGEMENT:                   |
|------------------------------------------------------------------------|
|  PLAINTIFF  002: WINDHAM LILLIE                                        |
|                                     ATTORNEY: ALBRITTON THOMAS BYNUM   |
|                                     ALB009    P O BOX 880              |
|                   , AL  00000-0000                                     |
|                  PHONE: (334)000-0000          ANDALUSIA, AL  36420    |
|  ENTERED:  01/02/2007 ISSUED:            TYPE:          (334)222-3177  |
|  SERVED:              ANSWERED:            JUDGEMENT:                   |
|------------------------------------------------------------------------|
|  DEFENDANT  001: HUDDLE HOUSE INC                                      |
|                  THE CORP COMPANY, 2000   ATTORNEY:  John M. Peek      |
|                  INTERSTATE PK STE 204                                 |
|                  MONTGOMERY, AL  36109-0000                            |
|                  PHONE: (334)000-0000                                  |
|  ENTERED:  01/02/2007 ISSUED:  01/02/2007 TYPE:    CERTIFIED           |
|  SERVED:  01/05/07  ANSWERED: 02/05/07  JUDGEMENT:                     |
|------------------------------------------------------------------------|
|  DEFENDANT  002: STRAUGHN GWYNNE                                       |
|                  1209 BYPASS EAST         ATTORNEY:                     |
|                                                                        |
|                  ANDALUSIA, AL  36420-0000                             |
|                  PHONE: (334)000-0000                                  |
|  ENTERED:  01/02/2007 ISSUED:  01/02/2007 TYPE:    CERTIFIED           |
|  SERVED:              ANSWERED:            JUDGEMENT:                   |
|------------------------------------------------------------------------|
```

01/02/2007    SUMMONS

01/02/2007    COMPLAINT

01/03/2007    CERTIFIED MAI ISSUED: 01/02/2007 TO D001      (AV02)

01/03/2007    CERTIFIED MAI ISSUED: 01/02/2007 TO D002 , Returned 8-07

"6 0 Mail Receptacle"
2/5/07 Answer of Defendant Huddle House, Inc.
2/5/07 Motion to Dismiss and for More Definite Statement
by Defendant Huddle House, Inc

3/6, 2007, ordered to              Jury Trial
Docket. M. Ashley McKathan, Circuit Judge

01/03/2007                                    CV 2007 000001.00

AVSO352

CASE: CV 2007 000001.00
JUDGE: M. ASHLEY MCKATHAN

------------------------------------------------------------------
ALABAMA JUDICIAL DATA CENTER
CASE ACTION SUMMARY CONTINUATION
CIRCUIT CIVIL
------------------------------------------------------------------
IN THE CIRCUIT  COURT OF COVINGTON       COUNTY

GENE WINDHAM ET AL VS HUDDLE HOUSE INC ET AL
FILED:  01/02/2007 TYPE:  NEGLIGENCE-GENERAL    TYPE TRIAL:  JURY      TRACK:

*****************************************************************
DATE1:                CA:              CA DATE:
DATE2:                AMT:        $.00 PAYMENT:
*****************************************************************

| | |
|---|---|
| 3/21/07 | Order: Plaintiffs file a more definite statement of their claims against Huddle House, Inc. |
| 3/18/07 | Notice of intent to serve Subpoenas on Non Parties |
| 8/20/07 | Suggestion of Death - Willie Mae Windham |
| 10/4/07 | Notice of Intent to Serve Subpoenas on Non Parties |

03/21/2007

**SENDER:** *COMPLETE THIS SECTION*

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X *Bill Holt*    ☐ Agent  ☐ Addressee

B. Received by ( *Printed Name* )    C. Date of Delivery
*Bill Holt*    8-1-07

D. Is delivery address different from item 1?  ☐ Yes
If YES, enter delivery address below:  ☐ No

1. Article Addressed to:

Dr Robert Lolley
P O Box 729
Dothan, AL 36302

3. Service Type
☑ Certified Mail   ☐ Express Mail
☐ Registered       ☐ Return Receipt for Merchandise
☐ Insured Mail     ☐ C.O.D.

4. Restricted Delivery? *(Extra Fee)*    ☐ Yes

2. Article Number
   *(Transfer from service label)*    7005 3110 0003 2155 8892

PS Form 3811, February 2004    Domestic Return Receipt    102595-02-M-154

---

**SENDER:** *COMPLETE THIS SECTION*

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X *X Brown*    ☐ Agent  ☐ Addressee

B. Received by ( *Printed Name* )    C. Date of Delivery

D. Is delivery address different from item 1?  ☐ Yes
If YES, enter delivery address below:  ☐ No

1. Article Addressed to:

Huddle House
The Corporation Company
2000 Interstate Park Dr.
Suite 204
Montgomery, AL 36109

3. Service Type
☑ Certified Mail   ☐ Express Mail
☐ Registered       ☑ Return Receipt for Merchandise
☐ Insured Mail     ☐ C.O.D.

4. Restricted Delivery? *(Extra Fee)*    ☐ Yes

2. Article Number
   *(Transfer from service label)*    7005 1820 0005 5833 2803

PS Form 3811, February 2004    Domestic Return Receipt    102595-02-M-154

---

Court, Covingto
t Square
36420

7005 1820 0005 5833 2810

NO MAIL RECEPTACLE

Gwynne Straughn
1209 Bypass East
Andalusia, AL. 26420



1st NOTICE
2nd NOTICE
RETURNED

1st NOTICE
2nd NOTICE
RETURNED

| State of Alabama<br>Unified Judicial System<br><br>Form ARCiv-93    Rev.5/99 | **COVER SHEET**<br>**CIRCUIT COURT – CIVIL CASE**<br>(Not For Domestic Relations Cases) | Case Number<br>`C` `V` `2` `0` `0` `7` `□` `□` `□` `□` `0` `1` `-` `□` `□`<br>Date of Filing:  `1` `2` `` `0` `7` `□` `1` `□` `□`  Judge Code: `□□□□□`<br>Month    Day    Year |

GENERAL INFORMATION

IN THE CIRCUIT COURT OF ____COVINGTON_____, ALABAMA

Gene Windham & Lillie Windham _____ v. Huddle House & Gwynne Straughn
_____Plaintiff_____                           (*Name of County*)                    _____Defendant_____

**First Plaintiff**   ☐ Business   ☒ Individual        **First Defendant**   ☒ Business   ☐ Individual
                      ☐ Government ☐ Other                                   ☐ Government ☐ Other

---

**NATURE OF SUIT:** Select primary cause of action, by checking box (check only one) the best characterizes your action:

**TORTS: PERSONAL INJURY**

☐ WDEA - Wrongful Death
☒ TONG - Negligence: General
☐ TOMV - Negligence: Motor Vehicle
☐ TOWA - Wantonness
☐ TOPL - Product Liability/AEMLD
☐ TOMM - Malpractice-Medical
☐ TOLM - Malpractice-Legal
☐ TOOM - Malpractice-Other
☐ TBFM - Fraud/Bad Faith/Misrepresentation
☐ TOXX - Other: _____

**TORTS: PERSONAL INJURY**

☐ TOPE - Personal Property
☐ TORE - Real Property

**OTHER CIVIL FILINGS**

☐ ABAN - Abandoned Automobile
☐ ACCT - Account & Nonmortgage
☐ APAA - Administrative Agency Appeal
☐ ADPA - Administrative Procedure Act
☐ ANPS - Adults in Need of Protective Services

**OTHER CIVIL FILINGS (cont'd)**

☐ MSXX - Birth/Death Certificate Modification/Bond Forfeiture Appeal/<br>Enforcement of Agency Subpoena/Petition to Preserve
☐ CVRT - Civil Rights
☐ COND - Condemnation/Eminent Domain/Right-of-Way
☐ CTMP - Contempt of Court
☐ CONT - Contract/Ejectment/Writ of Seizure
☐ TOCN - Conversion
☐ EQND - Equity Non-Damages Actions/Declaratory Judgment/Injunction<br>Election Contest/Quiet Title/Sale For Division
☐ CVUD - Eviction Appeal/Unlawful Detainer
☐ FORJ - Foreign Judgment
☐ FORF - Fruits of Crime Forfeiture
☐ MSHC - Habeas Corpus/Extraordinary Writ/Mandamus/Prohibition
☐ PFAB - Protection From Abuse
☐ FELA - Railroad/Seaman (FELA)
☐ RPRO - Real Property
☐ WTEG - Will/Trust/Estate/Guardianship/Conservatorship
☐ COMP - Workers' Compensation
☐ CVXX - Miscellaneous Circuit Civil Case

---

**ORIGIN** (*check one*):   F ☒ INITIAL FILING        A ☐ APPEAL FROM        O ☐ OTHER: _____
                                                        DISTRICT COURT
                          R ☐ REMANDED        T ☐ TRANSFERRED FROM
                                                 OTHER CIRCUIT COURT

---

**HAS JURY TRIAL BEEN DEMANDED?**   ☒ YES  ☐ NO        **Note:** Checking "Yes" does not constitute a demand for a<br>jury trial. (See Rules 38 and 39, Ala.R.Civ.P, for procedure)

---

**RELIEF REQUESTED:**   ☒ MONETARY AWARD REQUESTED        ☐ NO MONETARY AWARD REQUESTED

**ATTORNEY CODE:**
`A` `L` `B` `0` `0` `7`    12/29/06 _____          *Sidney B. Ro____*
                           Date                               Signature of Attorney/Party filing this form

---

**MEDIATION REQUESTED:**   ☐ YES   ☐ NO   ☐ UNDECIDED        **FILED IN OFFICE**

                                                            JAN  2 2007

                                                            *Ray A Powers*
                                                            CLERK

| State of Alabama<br>Unified Judicial System<br><br>Form C-34    Rev 6/88 | SUMMONS<br>-CIVIL- | Case Number<br><br>CV-07-01 |
|---|---|---|

IN THE  CIRCUIT                              COURT OF  COVINGTON                              COUNTY

Plaintiff  Gene Windham                         v.  Defendant  Huddle House
          Lillie Mae Windham                                   Gwynne Straughn

NOTICE TO  Huddle House The Corporation Co.  2000 Interstate Park Dr. Ste 204
           Montgomery, AL 36109

THE COMPLAINT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT AND YOU MUST TAKE IMMEDIATE
ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF
YOUR WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT WITH
THE CLERK OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU OR
YOUR ATTORNEY TO THE PLAINTIFF OR PLAINTIFF'S ATTORNEY  Thomas B. Albritton            WHOSE
ADDRESS IS  P.O. Box 880 Andalusia, AL 36420

THIS ANSWER MUST BE MAILED OR DELIVERED WITHIN   30    DAYS AFTER THIS SUMMONS AND
COMPLAINT WERE DELIVERED TO YOU OR A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR
THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT.

**TO ANY SHERIFF OR ANY PERSON AUTHORIZED by the Alabama Rules of Civil Procedure:**

[ ]    You are hereby commanded to serve this summons and a copy of the complaint in this action upon the
defendant.

[X]    Service by certified mail of this summons is initiated upon the written request of    Plaintiff
pursuant to the Alabama Rules of Civil Procedure.

Date    JAN  2 2007            Roger A. Powell                    By _____
                              Clerk/Register

            Roger A. Powell
                    CLERK

[X] Certified Mail is hereby requested.    Thomas B. _____
                                          Plaintiff's/Attorney's Signature

---

U.S. Postal Service™
**CERTIFIED MAIL™ RECEIPT**
*(Domestic Mail Only; No Insurance Coverage Provided)*
For delivery information visit our website at www.usps.com®

**OFFICIAL USE**

| | | |
|---|---|---|
| Postage | $ | .63 |
| Certified Fee | | 2.40 |
| Return Receipt Fee<br>(Endorsement Required) | | 1.85 |
| Restricted Delivery Fee<br>(Endorsement Required) | | |
| Total Postage & Fees | $ | 4.88 |

Postmark
Here

Sent To
Street, Apt. No.;
or PO Box No.
City, State, ZIP+4
Huddle House
The Corporation Co.
2000 Interstate Park Dr.
Suite 204
Montgomery, AL 36109

PS Form 3800, June 2002            See Reverse for Instructions

l in this office on _____.
                              (Date)
py of the Summons and Complaint to _____
_____ County,


_____
Server's Signature

_____
Type of Process Server

| State of Alabama<br>Unified Judicial System<br><br>Form C-34    Rev 6/88 | SUMMONS<br>-CIVIL- | Case Number<br><br>CV-07-01 |
| --- | --- | --- |

IN THE _CIRCUIT_ COURT OF _COVINGTON_ COUNTY

**Plaintiff** _Gene Windham_ v. **Defendant** _Huddle House_
_Lillie Mae Windham_ _Gwynne Straughn_

**NOTICE TO** _Gwynne Straughn  1209 Bypass East  Andalusia, AL 36420_

THE COMPLAINT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF YOUR WRITTEN ANSWER, EITHER ADDMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT WITH THE CLERK OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU OR YOUR ATTORNEY TO THE PLAINTIFF OR PLAINTIFF'S ATTORNEY _Thomas B. Albritton_ WHOSE ADDRESS IS _P.O. Box 880  Andalusia, AL 36420_

THIS ANSWER MUST BE MAILED OR DELIVERED WITHIN __30__ DAYS AFTER THIS SUMMONS AND COMPLAINT WERE DELIVERED TO YOU OR A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT.

**TO ANY SHERIFF OR ANY PERSON AUTHORIZED by the Alabama Rules of Civil Procedure:**

[ ]    You are hereby commanded to serve this summons and a copy of the complaint in this action upon the defendant.

[X]    Service by certified mail of this summons is initiated upon the written request of _Plaintiff_ pursuant to the Alabama Rules of Civil Procedure.

Date _____ JAN 2 2007 _____    _Roger A. Powell_    By: _____
Clerk/Register

[X]  Certified Mail is hereby requested.    _Thomas B. A____
Plaintiff's/Attorney's Signature

---

**U.S. Postal Service™**
**CERTIFIED MAIL™ RECEIPT**
*(Domestic Mail Only; No Insurance Coverage Provided)*

For delivery information visit our website at www.usps.com®

**O F F I C I A L   U S E**

| | | |
| --- | --- | --- |
| Postage | $ | .63 |
| Certified Fee | | 2.40 |
| Return Receipt Fee<br>(Endorsement Required) | | 1.85 |
| Restricted Delivery Fee<br>(Endorsement Required) | | 3.70 |
| Total Postage & Fees | $ | 8.58 |

Postmark
Here

Sent To
_Gwynne Straughn_
Street, Apt. No.;
or PO Box No. _1209 Bypass East_
City, State, ZIP+4 _Andalusia, al 36420_

PS Form 3800, June 2002    See Reverse for Instructions

_l in this office on _____._
(Date)
_py of the Summons and Complaint to _____
_____County,_

_____
Server's Signature

_____
Type of Process Server

## IN THE CIRCUIT COURT OF COVINGTON COUNTY, ALABAMA

GENE WINDHAM, an individual,      )
and LILLIE MAE WINDHAM, an     )
individual,                              )
                                  )
     Plaintiffs,              )
                                  )
vs.                                )     CASE NO.  CV- 07- 01
                                  )
HUDDLE HOUSE, INC., a foreign    )
corporation, GWYNNE STRAUGHN,  )
an individual, and fictitious defendants  )
A-Z, those persons, firms or corpora-  )
tions who are unknown at this time    )
but who will be added by amendment  )     FILED IN OFFICE
when ascertained,               )
                                  )     JAN  2 2007
     Defendants.            )

### COMPLAINT

*Ray A Powell*
CLERK

1.    The Plaintiffs are residents of Covington County, Alabama.

2.    The Defendant Huddle House is a corporation doing business in Covington County, Alabama.

3.    The Defendant Gwynne Straughn is the manager of Huddle House and is a resident of Covington County, Alabama.

4.    Fictitious Defendants A-Z are those persons, firms or corporations who are unknown at this time but who will be added by amendment when ascertained, but who either owned or controlled the premises made the basis of this lawsuit or who were under an obligation, contractual or otherwise, to maintain the premises at issue.

5.    All acts and omissions giving rise to the Complaint occurred in Covington County, Alabama.

)                                                      )

## COUNT ONE–NEGLIGENCE

6.    The Plaintiffs incorporate by reference as if fully set out herein all previous

allegations.

7.    On or about the 19th day of January 2006, the Plaintiff was an invitee on the premises

either owned by or under the control of the Defendants, including fictitious defendants A-Z, at

which time she tripped and fell, proximately and permanently injuring herself.

WHEREFORE, for the above reasons, the Plaintiffs demand judgment against the

Defendants for compensatory damages to include, but not to be limited to, damages for mental

anguish.

**FILED IN OFFICE**

## COUNT TWO–WANTONNESS

JAN . 2 2007

8.    The Plaintiffs incorporate by reference as if fully set out herein all previous *A Pamu*

CLERK

allegations.

9.    On or about the 19th day of January 2006, the Plaintiff was an invitee on the premises

either owned by or under the control of the Defendants, including fictitious defendants A-Z, at

which time she tripped and fell, proximately and permanently injuring herself.

10.    The Defendants, with a conscious disregard to the Plaintiffs rights and safety, failed

to notify the Plaintiff Lillie Mae Windham of a defect in the premises, said defect not being able to

be discovered through the exercise of ordinary care.

WHEREFORE, for the above reasons, the Plaintiffs demand judgment against the

Defendants for compensatory damages to include, but not to be limited to, damages for mental

anguish and for punitive damages.

## COUNT THREE–LOSS OF CONSORTIUM

11.    The Plaintiffs incorporate by reference and reallege as if fully set out herein, all

previous allegations.

12.   On the 19th day of January 2006, and at all times thereafter, as a proximate result of the actions of the Defendants, including fictitious defendants A-Z, the Plaintiff Gene Windham was caused to be deprived of the love, companionship and services of his wife, Lillie Mae Windham.

WHEREFORE, for the above reasons, the Plaintiff Gene Windham demands judgment against the Defendants for compensatory damages for loss of consortium.

**PLAINTIFFS DEMAND A TRIAL BY JURY ON ALL ISSUES IN THIS CAUSE.**

Thomas B. Albritton (ALB009)
Attorney for Plaintiffs

OF COUNSEL:

ALBRITTONS, CLIFTON, ALVERSON,
MOODY & BOWDEN, P.C.
P.O. Box 880
Andalusia, AL 36420
(334)-222-3177

FILED IN OFFICE

JAN   2 2007

CLERK

Please serve the Defendants via certified mail as follows:

Huddle House, Inc.
The Corporation Company
2000 Interstate Park Drive Ste 204
Montgomery, AL 36109

Gwynne Straughn
1209 Bypass East
Andalusia, AL 36420

FILED IN OFFICE

JAN  2 2007

*Roger A. Pennell*
CLERK

ELECTRONICALLY FILED
2/5/2007 4:21 PM
CIRCUIT COURT OF
COVINGTON COUNTY, ALABAMA
ROGER POWELL, CLERK

IN THE CIRCUIT COURT OF COVINGTON COUNTY, ALABAMA

GENE WINDHAM and
LILLIE MAE WINDHAM,

     Plaintiffs,

VS.                    CASE NUMBER CV-2007-01

HUDDLE HOUSE, INC.,
GWYNNE STRAUGHN, et al.,

     Defendants.

## ANSWER OF DEFENDANT HUDDLE HOUSE, INC.

Comes now Defendant Huddle House, Inc., and for answer to the complaint heretofore filed against it says as follows, by paragraph:

     1.    Admitted.

     2.    Admitted only to the extent that Defendant Huddle House, Inc., is a franchisor with franchisees located in Covington County, Alabama.

     3.    Denied.

     4.    Denied.

     5.    Defendant Huddle House, Inc., is without sufficient information to allow it to admit or deny the allegations of this paragraph of the complaint, and to that extent the same are denied.

     6.    Defendant Huddle House, Inc., incorporates by reference its responses to allegations realleged by the plaintiffs as if set forth fully and at length herein.

     7.    Denied.

     8.    Defendant Huddle House, Inc., incorporates by reference its responses to allegations realleged by the plaintiffs as if set forth fully and at length herein.

     9.    Denied.

     10.    Denied.

     11.    Defendant Huddle House, Inc., incorporates by reference its responses to

allegations realleged by the plaintiffs as if set forth fully and at length herein.

12.    Defendant Huddle House, Inc., is without sufficient information to allow it to admit or deny the allegations of this paragraph of the complaint, and to that extent the same are denied.

## AFFIRMATIVE DEFENSES

1.    The complaint fails to state a claim upon which relief can be granted.

2.    Defendant Huddle House, Inc., denies the material allegations of the complaint and demand strict proof thereof; i.e., Defendant Huddle House, Inc., pleads the general issue.

3.    Defendant Huddle House, Inc., says that it is not guilty of the matters alleged in the complaint.

4.    Defendant Huddle House, Inc., says that if the Plaintiffs were guilty of negligence at the time mentioned in their complaint, and if their negligence proximately contributed to cause their alleged injuries and damages, then they may not recover.

5.    Defendant Huddle House, Inc., says that no negligence, wantonness, or other culpable conduct on its part is the proximate cause of Plaintiffs' alleged injuries and damages.

6.    Defendant Huddle House, Inc., says that the Plaintiffs' alleged injuries and damages are not as extensive as averred in the complaint.

7.    Defendant Huddle House, Inc., says that if the Plaintiffs have recovered their alleged damages or any part thereof from any other source then said Plaintiffs are by law precluded from seeking further remedy therefor.

8.    Defendant Huddle House, Inc., says that the Plaintiffs' damages, if any, are the proximate consequence of an efficient intervening cause.

9.    Defendant Huddle House, Inc., denies creation of any hazard or dangerous condition, and denies knowledge of any hazardous or dangerous condition.

10.    The plaintiffs voluntarily assumed a known and appreciated risk.

11.    If the condition complained of was open and obvious, plaintiffs may not recover.

12.    The plaintiffs were not invitees of Defendant Huddle House, Inc.

13.    The Plaintiffs failed to exercise due care.

14.    There was no dangerous condition located on the property at the time and place

alleged.

     15.    The defendant Huddle House, Inc., had no duty to warn the plaintiffs.

     16.    There was no material benefit to the Defendant Huddle House, Inc.

     17.    The Defendant Huddle House, Inc., did not create any hazard or pitfall.

     18.    This action and the counts and allegations contained therein are brought without substantial justification.

     20.    Defendant Huddle House, Inc., demands trial by struck jury.

     21.    Defendant Huddle House, Inc., asserts that it is a franchisor of independent franchisees, and is not a proper party to this action.

     22.    Defendant Huddle House, Inc., pleads that the damages in this cause are subject to statutory and judicial limitation or cap.

JOHN M PEEK, P. C.

By
John M Peek
416 South Three Notch Street
Andalusia, Alabama 36420
334/427-8082
Attorney for Defendant Huddle House, Inc.

## CERTIFICATE OF SERVICE

     I hereby certify that I have this date served a copy of the above and foregoing on all counsel of record for the parties by e-filing or by placing a copy of same in the United States mail, postage prepaid and addressed to their regular mailing address as follows:

Thomas B. Albritton
Albrittons, Clifton, Alverson, Moody & Bowden
109 Opp Avenue
Post Office Drawer 880
Andalusia, AL 36420

     February 5, 2007.

John M Peek

| STATE OF ALABAMA<br>Unified Judicial System | Revised 2/14/05 | | Case No. |
|---|---|---|---|
| 23-COVINGTON | ☐ District Court ☑ Circuit Court | | CV200700000100 |

| GENE WINDHAM ET AL VS HUDDLE HOUSE INC ET AL | **CIVIL MOTION COVER SHEET**<br>*Name of Filing Party:* D001 - HUDDLE HOUSE INC |
|---|---|

| *Name, Address, and Telephone No. of Attorney or Party. If Not Represented.*<br>JOHN PEEK<br>416 SOUTH THREE NOTCH STREET<br>ANDALUSIA, AL 36420<br>*Attorney Bar No.:* PEE006 | ☑ Oral Arguments Requested |
|---|---|

## TYPE OF MOTION

| Motions Requiring Fee | Motions Not Requiring Fee |
|---|---|
| ☐ Default Judgment ($50.00) | ☐ Add Party |
| ☐ Joinder in Other Party's Dispositive Motion (i.e. Summary Judgment, Judgment on the Pleadings, or other Dispositive Motion not pursuant to Rule 12(b)) ($50.00) | ☐ Amend |
| | ☐ Change of Venue/Transfer |
| | ☐ Compel |
| ☐ Judgment on the Pleadings ($50.00) | ☐ Consolidation |
| | ☐ Continue |
| ☐ Motion to Dismiss, or in the Alternative Summary Judgment($50.00) | ☐ Deposition |
| | ☐ Designate a Mediator |
| ☐ Renewed Dispositive Motion(Summary Judgment, Judgment on the Pleadings, or other Dispositive Motion not pursuant to Rule 12(b)) ($50.00) | ☐ Judgment as a Matter of Law (during Trial) |
| | ☐ Disburse Funds |
| ☐ Summary Judgment pursuant to Rule 56($50.00) | ☐ Extension of Time |
| | ☐ In Limine |
| ☐ Other _____ | ☐ Joinder |
| pursuant to Rule _____ ($50.00) | ☐ More Definite Statement |
| | ☑ Motion to Dismiss pursuant to Rule 12(b) |
| *Motion fees are enumerated in §12-19-71(a). Fees pursuant to Local Act are not included. Please contact the Clerk of the Court regarding applicable local fees. | ☐ New Trial |
| | ☐ Objection of Exemptions Claimed |
| | ☐ Pendente Lite |
| ☐ Local Court Costs $ _____ | ☐ Plaintiff's Motion to Dismiss |
| | ☐ Preliminary Injunction |
| | ☐ Protective Order |
| | ☐ Quash |
| | ☐ Release from Stay of Execution |
| | ☐ Sanctions |
| | ☐ Sever |
| | ☐ Special Practice in Alabama |
| | ☐ Stay |
| | ☐ Strike |
| | ☐ Supplement to Pending Motion |
| | ☐ Vacate or Modify |
| | ☐ Withdraw |
| | ☐ Other _____ |
| | pursuant to Rule _____ (Subject to Filing Fee) |

| Check here if you have filed or are filing contemporaneously with this motion an Affidavit of Substantial Hardship ☐ | Date:<br>2/5/2007 4:14:43 PM | Signature of Attorney or Party:<br>/s JOHN PEEK |
|---|---|---|

*This Cover Sheet must be completed and submitted to the Clerk of Court upon the filing of any motion. Each motion should contain a separate Cover Sheet.
**Motions titled 'Motion to Dismiss' that are not pursuant to Rule 12(b) and are in fact Motions for Summary Judgments are subject to filing fee.



ELECTRONICALLY FILED
2/5/2007 4:17 PM
CIRCUIT COURT OF
COVINGTON COUNTY, ALABAMA
ROGER POWELL, CLERK

IN THE CIRCUIT COURT OF COVINGTON COUNTY, ALABAMA

GENE WINDHAM and LILLIE MAE WINDHAM,

     Plaintiffs,

VS.                 CASE NUMBER CV-2007-01

HUDDLE HOUSE, INC., GWYNNE STRAUGHN, et al.,

     Defendants.

### MOTION TO DISMISS AND FOR MORE DEFINITE STATEMENT BY DEFENDANT HUDDLE HOUSE, INC.

Comes now Defendant Huddle House, Inc., and moves the Court as follows:

To dismiss Count One of the complaint herein for failure to state a claim upon which relief can be granted; and,

To require the plaintiffs to plead a more definite statement of their claims against Huddle House, Inc.

As grounds therefor, Defendant Huddle House, Inc., asserts that the complaint contains nothing more than a bare allegation of wantonness, the complaint does not contain an allegation of negligence, and Defendant Huddle House, Inc., cannot determine from the allegations of the complaint what culpable conduct the Defendant Huddle House, Inc., is alleged to have committed. Wherefore, Defendant Huddle House, Inc., moves the Court to order plaintiffs to make a more definite statement of their claims in all counts against Defendant Huddle House, Inc.

                Respectfully submitted,

                JOHN M PEEK, P. C.

                By _____
                John M Peek
                416 South Three Notch Street
                Andalusia, Alabama 36420
                334/427-8082
                Attorney for Defendant Huddle House, Inc.

CERTIFICATE OF SERVICE

I hereby certify that I have this date served a copy of the above and foregoing on all counsel of record for the parties by placing a copy of same in the United States mail, postage prepaid and addressed to their regular mailing address as follows:

Thomas B. Albritton
Albrittons, Clifton, Alverson, Moody & Bowden
109 Opp Avenue
Post Office Drawer 880
Andalusia, AL 36420

February 5, 2007.

John M Peek

IN THE CIRCUIT COURT OF COVINGTON COUNTY, ALABAMA

GENE WINDHAM, an
Individual, and LILLIE
MAE WINDHAM, an Individual     ,          *

      PLAINTIFF(S),          *

VS.          *     CIVIL ACTION NO.:  CV-2007-01
HUDDLE HOUSE, INC., a
Foreign Corporation; GWYNNE
STRAUGHN, an Individual; et als,          *

      DEFENDANT(S).          *

## ORDER

    Upon due consideration of the "Motion To Dismiss And For More Definite Statement By Defendant Huddle House, Inc.," it should be, and it therefore is, ORDERED that the plaintiffs file a more definite statement of their claims against the aforesaid Huddle House, Inc.

    DONE and ORDERED this the 21st day of March, 2007.

                                            M. ASHLEY McKATHAN, CIRCUIT JUDGE

FILED IN OFFICE

MAR 2 1 2007

CLERK

)                                              )

IN THE CIRCUIT COURT OF COVINGTON COUNTY, ALABAMA

GENE WINDHAM and
LILLIE MAE WINDHAM,

       Plaintiffs,

VS.                        CASE NUMBER CV-2007-01

HUDDLE HOUSE, INC.,
GWYNNE STRAUGHN, et al.,

       Defendants.

## MEDICAL SUBPOENA FOR PRODUCTION OF DOCUMENTS, ETC., UNDER RULE 45

TO:
Dr. Robert Lolley
Southern Bone & Joint Specialists
Attn: Custodian of Medical Records
Post Office Box 729
Dothan, AL 36302

FILED IN OFFICE

JUL 3 0 2007

Row A Power
CLERK

      Please take notice:  You are hereby commanded to do the following acts at the instance of the Defendant Huddle House, Inc. within fifteen days after service of this subpoena:

      1.  That you produce and permit Defendant Huddle House, Inc. to inspect and to copy each of the following documents:
      (a)     All medical and treatment records of Lillie Mae Windham, date of birth ████ and Social Security number ████ ;
      (b)     All billing and payment records of Lillie Mae Windham.
      (c)     Any and all correspondence between your office and Lillie Mae Windham, and agents of Lillie Mae Windham.
      (d)     Any and every other document or thing relating to Lillie Mae Windham.

      Such production and inspection is to take place where the documents or things are regularly kept or at some other reasonable place designated by you.
      You are further advised that other parties to the action in which this subpoena has been issued have the right to be present at the time of such production or inspection.
      You have the option to deliver or mail copies of documents or things to the party causing the issuance of this subpoena but you may condition such activity on your part upon the payment in advance by the party causing the issuance of this subpoena of the reasonable costs of the making of such copies.

)                                              )

The Defendant Huddle House, Inc. agrees to pay all reasonable expenses incurred by you at the aforementioned time and place. The Code of Alabama §12-12-61(a)(2), sets the maximum amount you can charge for a handling fee and per page of medical records.

You have the right to object at any time prior to the date set forth in this subpoena for compliance. Should you choose to object, you should communicate such objection in writing to the party causing the issuance of this subpoena and stating, with respect to any item or category to which objection is made, your reasons for such objection.

JOHN M PEEK, P. C.

By _____
John M Peek
416 South Three Notch Street
Andalusia, Alabama 36420
334/427-8082
Attorney for Huddle House, Inc.

_____
Clerk **FILED IN OFFICE**

Dated: ____JUL 3 0 2007____, 2007.

_____
CLERK

IN THE CIRCUIT COURT OF COVINGTON COUNTY, ALABAMA

GENE WINDHAM and
LILLIE MAE WINDHAM,

      Plaintiffs,

VS.                 CASE NUMBER CV-2007-01

HUDDLE HOUSE, INC.,
GWYNNE STRAUGHN, et al.,

      Defendants.

## CERTIFICATION

    WHEREAS, this Certification is being furnished in compliance with the federal HIPAA Privacy rules, 46 C.F.R. Section 164.512(e).

    NOW, THEREFORE, the undersigned requesting party hereby certifies to the Provider/Covered Entity the following matters:

1. The undersigned requesting party has made a good faith effort to provide written notice to the individual (or, if the individual's location is unknown, to mail a notice to the individual's last known address). A copy of such written notice to his/her attorney is attached to this Certification; and

2. The notice included sufficient information about the litigation or proceeding in which the individual's information is requested to permit the individual to raise an objection to the court or administrative tribunal; and

3. The time for the individual to raise objections to the court or administrative tribunal has elapsed, and no objections were filed, or all objections filed by the individual have been resolved by the court or the administrative tribunal and the disclosures being sought are consistent with such resolution.

    IN WITNESS WHEREOF, this Certification is hereby signed and effective as of May 17, 2007.

    I HEREBY CERTIFY THAT THE FOREGOING MATTERS ARE TRUE AND CORRECT.

                                                     FILED IN OFFIC[...]

                                                     JUL 3 0 2007

               John M. Peek, Attorney

                                                     CLERK

# COVINGTON COUNTY
# SHERIFF'S DEPARTM[ ]T

290 HILLCREST DR
ANDALUSIA, AL 36420

# Civil Process
# Return of Service

)

---

Case No **CV2007 001**    Court **Covington County Circuit Court**    Judge **UNKOWN**

Case Title **GENE WINDHAM & LILLIE MAE WINDHAM v. HUDDLE HOUSE, INC., GWYNNE STRAUGN ,ET AL.,**

Plaintiff **GENE WINDHAM & LILLIE MAE WINDHAM**    Defendant **HUDDLE HOUSE, INC., GWYNNE STRAUGN ,ET AL.,**

ocument Type **SUB - SUBPOENA**

Document # **CV2007 001**    Date Issued **07/30/2007**

Date Received **07/31/2007**    Date Expires

---

Name **ANDERSON, LANDON B**    Involvement **Other**    DOB  /  /

Address **300 MEDICAL SUITE 1, AANDALUSIA, AL 36420**

ddr Comments **ORTHOPAEDICS OF SOUTH ALABAMA/ ATTN CUSTODIAN OF MEDICAL RECORDS**

## SERVICE DECLARATION

☐ Vacant    ☐ Expired    ☐ Date/Time Served _____    Service Type _____

☐ Unable to locate    ☐ Moved to _____    ☐ Posted, Mailed on (date) _____

---

I HEREBY CERTIFY, subject to penalty of perjury, that I served the same by delivering a true and correct copy thereof duly certified and the same endorsements thereon, the following manner.   By delivering on the ___/___ day of
*AUGUST* , 20*07* , at *AM* o'clock __M, to the following: *DR. LANDON B. ANDERSON* , at (addr) _____ , (city) *ANDALUSIA* , in the county of *COVINGTON* state of *AL* .   OR   By leaving on the _____ day of _____ , 20___, at _____ o'clock __M, with (person served) _____ for the following: _____ , at (addr) _____ , (city) _____ , in the county of _____ , state of _____ .   This being the dwelling place or usual place of abode of such defendant/witness with a person of suitable age and discretion then residing therein.

Served By *T Byrem PS*

## SERVICE ATTEMPTS

| | Date / Time | Location | PIN | Comments |
|---|---|---|---|---|
| 1st | *8-1-07* | | | |
| 2nd | | | | |
| 3rd | | | | |
| 4th | | | | |
| 5th | | | | |

Print Date : **07/31/2007**


RETURN TO CLERK

IN THE CIRCUIT COURT OF COVINGTON COUNTY, ALABAMA

GENE WINDHAM and
LILLIE MAE WINDHAM,

      Plaintiffs,

VS.                      CASE NUMBER CV-2007-01

HUDDLE HOUSE, INC.,
GWYNNE STRAUGHN, et al.,

      Defendants.

## MEDICAL SUBPOENA FOR PRODUCTION OF DOCUMENTS, ETC., UNDER RULE 45

TO:
Landon B. Anderson
Orthopaedics of South Alabama
Attn: Custodian of Medical Records
300 Medical Suite 1
Andalusia, AL 36420

FILED IN OFFICE

JUL 3 0 2007

_Rw A Pue_ CLERK

      Please take notice:  You are hereby commanded to do the following acts at the instance of the Defendant Huddle House, Inc. within fifteen days after service of this subpoena:

      1.  That you produce and permit Defendant Huddle House, Inc. to inspect and to copy each of the following documents:
      (a)     All medical and treatment records of Lillie Mae Windham, date of birth ▮▮▮▮ and Social Security number ▮▮▮▮▮▮
      (b)     All billing and payment records of Lillie Mae Windham.
      (c)     Any and all correspondence between your office and Lillie Mae Windham, and agents of Lillie Mae Windham.
      (d)     Any and every other document or thing relating to Lillie Mae Windham.

      Such production and inspection is to take place where the documents or things are regularly kept or at some other reasonable place designated by you.
      You are further advised that other parties to the action in which this subpoena has been issued have the right to be present at the time of such production or inspection.
      You have the option to deliver or mail copies of documents or things to the party causing the issuance of this subpoena but you may condition such activity on your part upon the payment in advance by the party causing the issuance of this subpoena of the reasonable costs of the making of such copies.

The Defendant Huddle House, Inc. agrees to pay all reasonable expenses incurred by you at the aforementioned time and place. The <u>Code of Alabama</u> §12-12-61(a)(2), sets the maximum amount you can charge for a handling fee and per page of medical records.

You have the right to object at any time prior to the date set forth in this subpoena for compliance. Should you choose to object, you should communicate such objection in writing to the party causing the issuance of this subpoena and stating, with respect to any item or category to which objection is made, your reasons for such objection.

JOHN M PEEK, P. C.

By _____

John M Peek
416 South Three Notch Street
Andalusia, Alabama 36420
334/427-8082
Attorney for Huddle House, Inc.

_Rogna A. Powell_

Clerk FILED IN OFFICE

Dated: _____ JUL 3 0 2007 _____, 2007.

CLERK

IN THE CIRCUIT COURT OF COVINGTON COUNTY, ALABAMA

GENE WINDHAM and
LILLIE MAE WINDHAM,

      Plaintiffs,

VS.                CASE NUMBER CV-2007-01

HUDDLE HOUSE, INC.,
GWYNNE STRAUGHN, et al.,

      Defendants.

FILED IN OFFICE

JUL 3 0 2007

*Row A Power*
                CLERK

## **CERTIFICATION**

WHEREAS, this Certification is being furnished in compliance with the federal HIPAA Privacy rules, 46 C.F.R. Section 164.512(e).

NOW, THEREFORE, the undersigned requesting party hereby certifies to the Provider/Covered Entity the following matters:

1.    The undersigned requesting party has made a good faith effort to provide written notice to the individual (or, if the individual's location is unknown, to mail a notice to the individual's last known address). A copy of such written notice to his/her attorney is attached to this Certification; and

2.    The notice included sufficient information about the litigation or proceeding in which the individual's information is requested to permit the individual to raise an objection to the court or administrative tribunal; and

3.    The time for the individual to raise objections to the court or administrative tribunal has elapsed, and no objections were filed, or all objections filed by the individual have been resolved by the court or the administrative tribunal and the disclosures being sought are consistent with such resolution.

IN WITNESS WHEREOF, this Certification is hereby signed and effective as of May 17, 2007.

I HEREBY CERTIFY THAT THE FOREGOING MATTERS ARE TRUE AND CORRECT.

                                        John M. Peek, Attorney

# COVINGTON COUNTY SHERIFF'S DEPARTMENT

290 HILLCREST DR
ANDALUSIA, AL 36420

# Civil Process
# Return of Service

Case No **CV2007 001**    Court **Covington County Circuit Court**    Judge **UNKOWN**

Case Title **GENE WINDHAM & LILLIE MAE WINDHAM v. HUDDLE HOUSE, INC., GWYNNE STRAUGN ,ET AL.,**

Plaintiff **GENE WINDHAM & LILLIE MAE WINDHAM**    Defendant **HUDDLE HOUSE, INC., GWYNNE STRAUGN ,ET AL.,**

Document Type **SUB - SUBPOENA**

Document # **CV2007 001**    Date Issued **07/30/2007**

Date Received **07/31/2007**    Date Expires

Name **ANDALUSIA REGIONAL HOSPITAL**    Involvement **Other**    DOB  / /

Address **849 SOUTH THREE NOTCH ST, AANDALUSIA, AL  36420**

Addr Comments **ATTN CUSTODIAN OF MEDICAL RECORDS**

## SERVICE DECLARATION

☐ Vacant    ☐ Expired    ☐ Date/Time Served _____    Service Type _____

☐ Unable to locate    ☐ Moved to _____    ☐ Posted, Mailed on (date) _____

I HEREBY CERTIFY, subject to penalty of perjury, that I served the same by delivering a true and correct copy thereof duly certified and the same endorsements thereon, the following manner.    By delivering on the __1__ day of _AUGUST_ , 200_7_, at __AM__ o'clock __M, to the following: _ANDALUSIA HOSPITAL , C.O.R_, at (addr) _____, (city) _ANDALUSIA_, in the county of _COVINGTON_ state of _AL_ .    OR  By leaving on the _____ day of _____, 20___, at _____ o'clock __M, with (person served) _____ for the following: _____, at (addr) _____, (city) _____, in the county of _____, state of _____.    This being the dwelling place or usual place of abode of such defendant/witness with a person of suitable age and discretion then residing therein.

Served By _E T Byem  PS_

## SERVICE ATTEMPTS

|     | Date / Time | Location | PIN | Comments |
|-----|-------------|----------|-----|----------|
| 1st | 8-1-07      |          |     |          |
| 2nd |             |          |     |          |
| 3rd |             |          |     |          |
| 4th |             |          |     |          |
| 5th |             |          |     |          |

Print Date : **07/31/2007**



IN THE CIRCUIT COURT OF COVINGTON COUNTY, ALABAMA

GENE WINDHAM and
LILLIE MAE WINDHAM,

      Plaintiffs,

VS.                        CASE NUMBER CV-2007-01

HUDDLE HOUSE, INC.,
GWYNNE STRAUGHN, et al.,

      Defendants.

### MEDICAL SUBPOENA FOR PRODUCTION OF DOCUMENTS, ETC., UNDER RULE 45

TO:
Andalusia Regional Hospital
Attn: Custodian of Medical Records
849 South Three Notch Street
Andalusia, AL 36420

FILED IN OFFICE

JUL 3 0 2007

*Rwd A Powena*
CLERK

      Please take notice:  You are hereby commanded to do the following acts at the instance of the Defendant Huddle House, Inc. within fifteen days after service of this subpoena:

      1. That you produce and permit Defendant Huddle House, Inc. to inspect and to copy each of the following documents:
      (a)     All medical and treatment records of Lillie Mae Windham, date of birth ▮▮▮▮▮▮ and Social Security number ▮▮▮▮▮▮▮;
      (b)     All billing and payment records of Lillie Mae Windham.
      (c)     Any and all correspondence between your office and Lillie Mae Windham, and agents of Lillie Mae Windham.
      (d)     Any and every other document or thing relating to Lillie Mae Windham.

      Such production and inspection is to take place where the documents or things are regularly kept or at some other reasonable place designated by you.
      You are further advised that other parties to the action in which this subpoena has been issued have the right to be present at the time of such production or inspection.
      You have the option to deliver or mail copies of documents or things to the party causing the issuance of this subpoena but you may condition such activity on your part upon the payment in advance by the party causing the issuance of this subpoena of the reasonable costs of the making of such copies.
      The Defendant Huddle House, Inc. agrees to pay all reasonable expenses incurred by you at the aforementioned time and place.  The Code of Alabama §12-12-61(a)(2), sets the maximum

amount you can charge for a handling fee and per page of medical records.

You have the right to object at any time prior to the date set forth in this subpoena for compliance. Should you choose to object, you should communicate such objection in writing to the party causing the issuance of this subpoena and stating, with respect to any item or category to which objection is made, your reasons for such objection.

JOHN M PEEK, P. C.

By _John M Peek_

John M Peek
416 South Three Notch Street
Andalusia, Alabama 36420
334/427-8082
Attorney for Huddle House, Inc.

_Roger A. Powell_

Clerk       FILED IN OFFICE

Dated: _____ JUL 3 0 2007, 2007.

CLERK

IN THE CIRCUIT COURT OF COVINGTON COUNTY, ALABAMA

GENE WINDHAM and
LILLIE MAE WINDHAM,

      Plaintiffs,

VS.                 CASE NUMBER CV-2007-01

HUDDLE HOUSE, INC.,
GWYNNE STRAUGHN, et al.,

      Defendants.

**FILED IN OFFICE**

JUL 3 0 2007

*Ron A Powe———*
CLERK

## **CERTIFICATION**

      WHEREAS, this Certification is being furnished in compliance with the federal HIPAA Privacy rules, 46 C.F.R. Section 164.512(e).

      NOW, THEREFORE, the undersigned requesting party hereby certifies to the Provider/Covered Entity the following matters:

1.      The undersigned requesting party has made a good faith effort to provide written notice to the individual (or, if the individual's location is unknown, to mail a notice to the individual's last known address). A copy of such written notice to his/her attorney is attached to this Certification; and

2.      The notice included sufficient information about the litigation or proceeding in which the individual's information is requested to permit the individual to raise an objection to the court or administrative tribunal; and

3.      The time for the individual to raise objections to the court or administrative tribunal has elapsed, and no objections were filed, or all objections filed by the individual have been resolved by the court or the administrative tribunal and the disclosures being sought are consistent with such resolution.

      IN WITNESS WHEREOF, this Certification is hereby signed and effective as of May 17, 2007.

      I HEREBY CERTIFY THAT THE FOREGOING MATTERS ARE TRUE AND CORRECT.

                                John M Peek, Attorney

# COVINGTON COUNTY
# SHERIFF'S DEPARTMENT

290 HILLCREST DR
ANDALUSIA, AL 36420

# Civil Process
# Return of Service

---

Case No **CV2007 001**    Court **Covington County Circuit Court**    Judge **UNKOWN**

Case Title **GENE WINDHAM & LILLIE MAE WINDHAM v. HUDDLE HOUSE, INC., GWYNNE STRAUGN ,ET AL.,**

Plaintiff **GENE WINDHAM & LILLIE MAE WINDHAM**    Defendant **HUDDLE HOUSE, INC., GWYNNE STRAUGN ,ET AL.,**

Document Type **SUB - SUBPOENA**

Document # **CV2007 001**    Date Issued **07/30/2007**

Date Received **07/31/2007**    Date Expires

---

Name **MCCALMAN, II, M.D., PC DAVID M**    Involvement **Other**    DOB **/ /**

Address **135 MEDICAL PARK DR SUITE 1-A, AANDALUSIA, AL  36420**

Addr Comments **ATTN CUSTODIAN OF MEDICAL RECORDS**

---

## SERVICE  DECLARATION

☐ Vacant    ☐ Expired    ☐ Date/Time Served _____    Service Type _____

☐ Unable to locate    ☐ Moved to _____    ☐ Posted, Mailed on (date) _____

---

I HEREBY CERTIFY, subject to penalty of perjury, that I served the same by delivering a true and correct copy thereof duly certified and the same endorsements thereon, the following manner.    By delivering on the ___1___ day of _AUGUST_ , 20_07_, at _Am_ o'clock ___M, to the following: _DR. DAVID McCALMAN_ , at (addr) _____ , (city)_ANDALUSIA_ , in the county of_COVINGTON_ , state of _AL_ .    OR  By leaving on the _____ day of _____ , 20___, at _____ o'clock ___M, with (person served) _____ for the following: _____ , at (addr) _____ , (city) _____ , in the county of _____ , state of _____ .    This being the dwelling place or usual place of abode of such defendant/witness with a person of suitable age and discretion then residing therein.

Served By _Ed Byrum PS_

---

## SERVICE  ATTEMPTS

| | Date / Time | Location | PIN | Comments |
|---|---|---|---|---|
| 1st | 8-1-07 | | | |
| 2nd | | | | |
| 3rd | | | | |
| 4th | | | | |
| 5th | | | | |

---

Licensed to: Covington County Sheriff

Print Date : **07/31/2007**

 **ORIGINAL**
RETURN TO CLERK



IN THE CIRCUIT COURT OF COVINGTON COUNTY, ALABAMA

GENE WINDHAM and
LILLIE MAE WINDHAM,

      Plaintiffs,

VS.                    CASE NUMBER CV-2007-01

HUDDLE HOUSE, INC.,
GWYNNE STRAUGHN, et al.,

      Defendants.

## MEDICAL SUBPOENA FOR PRODUCTION OF DOCUMENTS, ETC., UNDER RULE 45

TO:
David M. McCalman, II, M.D., P.C.
Attn: Custodian of Medical Records
135 Medical Park Drive, Suite 1-A
Andalusia, AL 36420

**FILED IN OFFICE**

JUL 3 0 2007

*[signature]*
               CLERK

      Please take notice:  You are hereby commanded to do the following acts at the instance of the Defendant Huddle House, Inc. within fifteen days after service of this subpoena:

      1.  That you produce and permit Defendant Huddle House, Inc. to inspect and to copy each of the following documents:
      (a)     All medical and treatment records of Lillie Mae Windham, date of birth ▮▮▮▮▮) and Social Security number ▮▮▮▮▮▮▮.
      (b)     All billing and payment records of Lillie Mae Windham.
      (c)     Any and all correspondence between your office and Lillie Mae Windham, and agents of Lillie Mae Windham.
      (d)     Any and every other document or thing relating to Lillie Mae Windham.

      Such production and inspection is to take place where the documents or things are regularly kept or at some other reasonable place designated by you.
      You are further advised that other parties to the action in which this subpoena has been issued have the right to be present at the time of such production or inspection.
      You have the option to deliver or mail copies of documents or things to the party causing the issuance of this subpoena but you may condition such activity on your part upon the payment in advance by the party causing the issuance of this subpoena of the reasonable costs of the making of such copies.

The Defendant Huddle House, Inc. agrees to pay all reasonable expenses incurred by you at the aforementioned time and place.  The Code of Alabama §12-12-61(a)(2), sets the maximum amount you can charge for a handling fee and per page of medical records.

You have the right to object at any time prior to the date set forth in this subpoena for compliance.  Should you choose to object, you should communicate such objection in writing to the party causing the issuance of this subpoena and stating, with respect to any item or category to which objection is made, your reasons for such objection.

JOHN M PEEK, P. C.

By
John M Peek
416 South Three Notch Street
Andalusia, Alabama 36420
334/427-8082
Attorney for Huddle House, Inc.

Clerk  FILED IN OFFICE

Dated: _____ JUL 3 0 2007 ___, 2007.

CLERK

IN THE CIRCUIT COURT OF COVINGTON COUNTY, ALABAMA

GENE WINDHAM and
LILLIE MAE WINDHAM,

       Plaintiffs,

VS.                       CASE NUMBER CV-2007-01

HUDDLE HOUSE, INC.,
GWYNNE STRAUGHN, et al.,

       Defendants.

## CERTIFICATION

       WHEREAS, this Certification is being furnished in compliance with the federal HIPAA Privacy rules, 46 C.F.R. Section 164.512(e).

       NOW, THEREFORE, the undersigned requesting party hereby certifies to the Provider/Covered Entity the following matters:

1.      The undersigned requesting party has made a good faith effort to provide written notice to the individual (or, if the individual's location is unknown, to mail a notice to the individual's last known address).  A copy of such written notice to his/her attorney is attached to this Certification; and

2.      The notice included sufficient information about the litigation or proceeding in which the individual's information is requested to permit the individual to raise an objection to the court or administrative tribunal; and

3.      The time for the individual to raise objections to the court or administrative tribunal has elapsed, and no objections were filed, or all objections filed by the individual have been resolved by the court or the administrative tribunal and the disclosures being sought are consistent with such resolution.

       IN WITNESS WHEREOF, this Certification is hereby signed and effective as of May 17, 2007.

       I HEREBY CERTIFY THAT THE FOREGOING MATTERS ARE TRUE AND CORRECT.

                             John M Peek, Attorney

FILED IN OFFIC

JUL 3 0 2007

CLERK



ELECTRONICALLY FILED
8/20/2007 11:46 AM
CV-2007-000001.00
CIRCUIT COURT OF
COVINGTON COUNTY, ALABAMA
ROGER POWELL, CLERK

IN THE CIRCUIT COURT OF COVINGTON COUNT[Y]

GENE WINDHAM and
LILLIE MAE WINDHAM,

      Plaintiffs,

vs.                    CASE NUMBER CV-2007-01

HUDDLE HOUSE, INC.,
GWYNNE STRAUGHN, et al.,

      Defendants.

### SUGGESTION OF DEATH

      Comes now the Defendant Huddle House, Inc., and pursuant to Rule 25 of the *Alabama Rules of Civil Procedure* suggests upon the record the death of one of the Plaintiffs, Lillie Mae Windham, which death occurred on or about August 14, 2007.

      Dated August 20, 2007.

                     JOHN M PEEK, P. C.

                     By_____
                     John M Peek
                     416 South Three Notch Street
                     Andalusia, Alabama 36420
                     334/427-8082
                     Attorney for Defendant Huddle House, Inc.

## CERTIFICATE OF SERVICE

I hereby certify that I have this date served a copy of the above and foregoing on all counsel of record for the parties by e-filing and/or by placing a copy of same in the United States mail, postage prepaid and addressed to their regular mailing address as follows:

Thomas B. Albritton
Albrittons, Clifton, Alverson, Moody & Bowden
109 Opp Avenue
Post Office Drawer 880
Andalusia, AL 36420

August 20, 2007.

_____
John M Peek



IN THE CIRCUIT COURT OF COVINGTON COUNTY

GENE WINDHAM and
LILLIE MAE WINDHAM,

     Plaintiffs,

VS.                            CASE NUMBER CV-2007-01

HUDDLE HOUSE, INC.,
GWYNNE STRAUGHN, et al.,

     Defendants.

### <u>NOTICE OF INTENT TO SERVE SUBPOENAS ON NON-PARTIES</u>

TO:
Thomas B. Albritton
Albrittons, Clifton, Alverson, Moody & Bowden
109 Opp Avenue
Post Office Drawer 880
Andalusia, AL 36420

     Please take notice that upon the expiration of fifteen days from the date of service of this notice, Defendant Huddle House, Inc., will apply to the Clerk of this Court for issuance of the attached subpoenas directed to:

Jimmy M. Carter                        Montgomery Cardiovasculasr Associates
Attn: Custodian of Medical Records        Attn: Custodian of Medical Records
102 Doctor's Drive                    2119 East South Blvd.
Dothan, AL 36301                     Montgomery, AL 36116

Jackson Hospital
Attn: Custodian of Medical Records
1235 Forest Avenue
Montgomery, AL 36106

to produce documents and things at the time and place specified in this subpoena.

Respectfully submitted,

JOHN M PEEK, P. C.

By _____
    John M Peek
    416 South Three Notch Street
    Andalusia, Alabama 36420
    334/427-8082
    Attorney for Defendant Huddle House, Inc.


## CERTIFICATE OF SERVICE

I hereby certify that I have this date served a copy of the above and foregoing on all counsel of record for the parties by placing a copy of same in the United States mail, postage prepaid and addressed to their regular mailing address as follows:

Thomas B. Albritton
Albrittons, Clifton, Alverson, Moody & Bowden
109 Opp Avenue
Post Office Drawer 880
Andalusia, AL 36420

October 9, 2007.

_____
John M Peek

IN THE CIRCUIT COURT OF COVINGTON COUNTY, ALABAMA

GENE WINDHAM and LILLIE MAE WINDHAM,

       Plaintiffs,

VS.                          CASE NUMBER CV-2007-01

HUDDLE HOUSE, INC., GWYNNE STRAUGHN, et al.,

       Defendants.

<u>MEDICAL SUBPOENA FOR PRODUCTION OF DOCUMENTS,</u>
<u>ETC., UNDER RULE 45</u>

TO:
Jackson Hospital
Attn: Custodian of Medical Records
1235 Forest Avenue
Montgomery, AL 36106

       Please take notice: You are hereby commanded to do the following acts at the instance of the Defendant within fifteen days after service of this subpoena:

       1. That you produce and permit Defendant to inspect and to copy each of the following documents:
       (a)     All medical and treatment records of Lillie Mae Windham, date of birth ███████ and Social Security number ███████;
       (b)     All billing and payment records of Lillie Mae Windham.
       (c)     Any and all correspondence between your office and Lillie Mae Windham, and agents of Lillie Mae Windham.
       (d)     Any and every other document or thing relating to Lillie Mae Windham.

       Such production and inspection is to take place where the documents or things are regularly kept or at some other reasonable place designated by you.
       You are further advised that other parties to the action in which this subpoena has been issued have the right to be present at the time of such production or inspection.
       You have the option to deliver or mail copies of documents or things to the party causing the issuance of this subpoena but you may condition such activity on your part upon the payment in advance by the party causing the issuance of this subpoena of the reasonable costs of the making of such copies.
       The Defendant agrees to pay all reasonable expenses incurred by you at the aforementioned time and place. The <u>Code of Alabama</u> §12-12-61(a)(2), sets the maximum amount you can charge for a handling fee and per page of medical records.

       You have the right to object at any time prior to the date set forth in this subpoena for compliance. Should you choose to object, you should communicate such objection in writing to the party causing the issuance of this subpoena and stating, with respect to any item or category

to which objection is made, your reasons for such objection.

JOHN M PEEK, P. C.

By _____

John M Peek
416 South Three Notch Street
Andalusia, Alabama 36420
334/427-8082
Attorney for Huddle House, Inc.

_____
Clerk

Dated: _____, 2007.

IN THE CIRCUIT COURT OF COVINGTON COUNTY, ALABAMA

GENE WINDHAM and
LILLIE MAE WINDHAM,

      Plaintiffs,

VS.                        CASE NUMBER CV-2007-01

HUDDLE HOUSE, INC.,
GWYNNE STRAUGHN, et al.,

      Defendants.

## CERTIFICATION

WHEREAS, this Certification is being furnished in compliance with the federal HIPAA Privacy rules, 46 C.F.R. Section 164.512(e).

NOW, THEREFORE, the undersigned requesting party hereby certifies to the Provider/Covered Entity the following matters:

1.    The undersigned requesting party has made a good faith effort to provide written notice to the individual (or, if the individual's location is unknown, to mail a notice to the individual's last known address). A copy of such written notice to his/her attorney is attached to this Certification; and

2.    The notice included sufficient information about the litigation or proceeding in which the individual's information is requested to permit the individual to raise an objection to the court or administrative tribunal; and

3.    The time for the individual to raise objections to the court or administrative tribunal has elapsed, and no objections were filed, or all objections filed by the individual have been resolved by the court or the administrative tribunal and the disclosures being sought are consistent with such resolution.

IN WITNESS WHEREOF, this Certification is hereby signed and effective as of October 9, 2007.

I HEREBY CERTIFY THAT THE FOREGOING MATTERS ARE TRUE AND CORRECT.

_____
John M Peek, Attorney

IN THE CIRCUIT COURT OF COVINGTON COUNTY, ALABAMA

GENE WINDHAM and LILLIE MAE WINDHAM,

       Plaintiffs,

VS.                CASE NUMBER CV-2007-01

HUDDLE HOUSE, INC., GWYNNE STRAUGHN, et al.,

       Defendants.

## MEDICAL SUBPOENA FOR PRODUCTION OF DOCUMENTS, ETC., UNDER RULE 45

TO:
Jackson Hospital
Attn: Custodian of Medical Records
1235 Forest Avenue
Montgomery, AL 36106

      Please take notice:  You are hereby commanded to do the following acts at the instance of the Defendant within fifteen days after service of this subpoena:

      1.  That you produce and permit Defendant to inspect and to copy each of the following documents:
      (a)     All medical and treatment records of Lillie Mae Windham, date of birth      ) and Social Security number ▆▆▆▆▆▆
      (b)     All billing and payment records of Lillie Mae Windham.
      (c)     Any and all correspondence between your office and Lillie Mae Windham, and agents of Lillie Mae Windham.
      (d)     Any and every other document or thing relating to Lillie Mae Windham.

      Such production and inspection is to take place where the documents or things are regularly kept or at some other reasonable place designated by you.
      You are further advised that other parties to the action in which this subpoena has been issued have the right to be present at the time of such production or inspection.
      You have the option to deliver or mail copies of documents or things to the party causing the issuance of this subpoena but you may condition such activity on your part upon the payment in advance by the party causing the issuance of this subpoena of the reasonable costs of the making of such copies.
      The Defendant agrees to pay all reasonable expenses incurred by you at the aforementioned time and place.  The Code of Alabama §12-12-61(a)(2), sets the maximum amount you can charge for a handling fee and per page of medical records.

      You have the right to object at any time prior to the date set forth in this subpoena for compliance.  Should you choose to object, you should communicate such objection in writing to the party causing the issuance of this subpoena and stating, with respect to any item or category

to which objection is made, your reasons for such objection.

JOHN M PEEK, P. C.

By _John M Peek_

John M Peek
416 South Three Notch Street
Andalusia, Alabama 36420
334/427-8082
Attorney for Huddle House, Inc.

Clerk

Dated: _____, 2007.

IN THE CIRCUIT COURT OF COVINGTON COUNTY, ALABAMA

GENE WINDHAM and
LILLIE MAE WINDHAM,

     Plaintiffs,

VS.               CASE NUMBER CV-2007-01

HUDDLE HOUSE, INC.,
GWYNNE STRAUGHN, et al.,

     Defendants.

## CERTIFICATION

     WHEREAS, this Certification is being furnished in compliance with the federal HIPAA Privacy rules, 46 C.F.R. Section 164.512(e).

     NOW, THEREFORE, the undersigned requesting party hereby certifies to the Provider/Covered Entity the following matters:

1.     The undersigned requesting party has made a good faith effort to provide written notice to the individual (or, if the individual's location is unknown, to mail a notice to the individual's last known address). A copy of such written notice to his/her attorney is attached to this Certification; and

2.     The notice included sufficient information about the litigation or proceeding in which the individual's information is requested to permit the individual to raise an objection to the court or administrative tribunal; and

3.     The time for the individual to raise objections to the court or administrative tribunal has elapsed, and no objections were filed, or all objections filed by the individual have been resolved by the court or the administrative tribunal and the disclosures being sought are consistent with such resolution.

     IN WITNESS WHEREOF, this Certification is hereby signed and effective as of October 9, 2007.

     I HEREBY CERTIFY THAT THE FOREGOING MATTERS ARE TRUE AND CORRECT.

                                     John M Peek, Attorney

IN THE CIRCUIT COURT OF COVINGTON COUNTY, ALABAMA

GENE WINDHAM and LILLIE MAE WINDHAM,

     Plaintiffs,

VS.                 CASE NUMBER CV-2007-01

HUDDLE HOUSE, INC., GWYNNE STRAUGHN, et al.,

     Defendants.

## MEDICAL SUBPOENA FOR PRODUCTION OF DOCUMENTS, ETC., UNDER RULE 45

TO:
Montgomery Cardiovascular Associates
Attn: Custodian of Medical Records
2119 East South Blvd.
Montgomery, AL 36116

     Please take notice: You are hereby commanded to do the following acts at the instance of the Defendant within fifteen days after service of this subpoena:

     1. That you produce and permit Defendant to inspect and to copy each of the following documents:
     (a)    All medical and treatment records of Lillie Mae Windham, date of birth ███████ )
and Social Security number ███████.
     (b)    All billing and payment records of Lillie Mae Windham.
     (c)    Any and all correspondence between your office and Lillie Mae Windham, and agents of Lillie Mae Windham.
     (d)    Any and every other document or thing relating to Lillie Mae Windham.

     Such production and inspection is to take place where the documents or things are regularly kept or at some other reasonable place designated by you.
     You are further advised that other parties to the action in which this subpoena has been issued have the right to be present at the time of such production or inspection.
     You have the option to deliver or mail copies of documents or things to the party causing the issuance of this subpoena but you may condition such activity on your part upon the payment in advance by the party causing the issuance of this subpoena of the reasonable costs of the making of such copies.
     The Defendant agrees to pay all reasonable expenses incurred by you at the aforementioned time and place. The Code of Alabama §12-12-61(a)(2), sets the maximum amount you can charge for a handling fee and per page of medical records.

     You have the right to object at any time prior to the date set forth in this subpoena for compliance. Should you choose to object, you should communicate such objection in writing to the party causing the issuance of this subpoena and stating, with respect to any item or category

to which objection is made, your reasons for such objection.

JOHN M PEEK, P. C.

By _John M Peek_

John M Peek
416 South Three Notch Street
Andalusia, Alabama 36420
334/427-8082
Attorney for Huddle House, Inc.

Clerk

Dated: _____, 2007.

IN THE CIRCUIT COURT OF COVINGTON COUNTY, ALABAMA

GENE WINDHAM and
LILLIE MAE WINDHAM,

      Plaintiffs,

VS.                CASE NUMBER CV-2007-01

HUDDLE HOUSE, INC.,
GWYNNE STRAUGHN, et al.,

      Defendants.

## CERTIFICATION

WHEREAS, this Certification is being furnished in compliance with the federal HIPAA Privacy rules, 46 C.F.R. Section 164.512(e).

NOW, THEREFORE, the undersigned requesting party hereby certifies to the Provider/Covered Entity the following matters:

1.     The undersigned requesting party has made a good faith effort to provide written notice to the individual (or, if the individual's location is unknown, to mail a notice to the individual's last known address).  A copy of such written notice to his/her attorney is attached to this Certification; and

2.     The notice included sufficient information about the litigation or proceeding in which the individual's information is requested to permit the individual to raise an objection to the court or administrative tribunal; and

3.     The time for the individual to raise objections to the court or administrative tribunal has elapsed, and no objections were filed, or all objections filed by the individual have been resolved by the court or the administrative tribunal and the disclosures being sought are consistent with such resolution.

IN WITNESS WHEREOF, this Certification is hereby signed and effective as of October 9, 2007.

I HEREBY CERTIFY THAT THE FOREGOING MATTERS ARE TRUE AND CORRECT.

                     _____
                     John M Peek, Attorney