IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

```
GENE WINDHAM, an            )
individual, and LILLIE MAE  )
WINDHAM, an individual,     )
                            )
    Plaintiffs,             )
                            )   CIVIL ACTION NO.
    v.                      )    2:08cv007-MHT
                            )
HUDDLE HOUSE, INC., a       )
foreign corporation, and    )
GWYNNE STRAUGHN, an         )
individual,                 )
                            )
    Defendants.             )
```

ORDER

The allegations of the notice of removal are insufficient to invoke this court's removal jurisdiction under 28 U.S.C. §§ 1332 (diversity of citizenship) 1441 (removal). To invoke removal jurisdiction based on diversity, the notice of removal must distinctly and affirmatively allege each party's citizenship. See McGovern v. American Airlines, Inc., 511 F. 2d 653, 654 (5th Cir. 1975) (per curiam). The allegations must show that the citizenship of each plaintiff is different from

that of each defendant. See 28 U.S.C. § 1332; see also 2 James Wm. Moore, et al., Moore's Federal Practice § 8.03[5][b] at 8-16 (3d ed. 2006).

The removal notice is insufficient because it does not indicate the citizenship of corporate defendant Huddle House, Inc. The notice must allege the citizenship of both the State of incorporation and where the corporation has its principal place of business. See 28 U.S.C. § 1332(c)(2); American Motorists Ins. Co. v. American Employers' Ins. Co., 600 F.2d 15, 16 and n.1 (5th Cir. 1979) (per curiam).

It is therefore the ORDER, JUDGMENT, and DECREE of the court that removing defendant Huddle House, Inc. has until January 25, 2008, to amend the notice of removal to allege jurisdiction sufficiently, see 28 U.S.C. § 1653; otherwise this lawsuit shall be remanded to state court.

DONE, this the 9th day of January, 2008.

    /s/ Myron H. Thompson
  UNITED STATES DISTRICT JUDGE