IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

GENE WINDHAM and
LILLIE MAE WINDHAM,

       Plaintiffs,

VS.                           CASE NUMBER 2:08CV007-MHT

HUDDLE HOUSE, INC.,
GWYNNE STRAUGHN, et al.,

       Defendants.

## AMENDED PETITION FOR AND NOTICE OF REMOVAL

       In conformity with the Court's order dated January 9, 2007, comes now Defendant Huddle House, Inc., a corporation, pursuant to 28 U.S.C. §1446, and for the purpose of seeking removal of that certain action styled Gene Windham and Lillie Mae Windham, Plaintiff, vs. Huddle House, Inc., Gwynne Straughn, et al., Defendant, Civil Action No. CV-2007-01, from the Circuit Court of Covington County, Alabama, in which the same is now pending, to the United States District Court for the Middle District of Alabama, Northern Division, and respectfully shows unto the Court as follows:

       1.     Gene Windham and Lillie Mae Windham, the Plaintiffs in the above-referenced cause, are residents and citizens of the State of Alabama (Complaint, ¶ 1).

       2.     Defendant Huddle House, Inc., was on the date the original action was commenced and is now a resident and citizen of the State of Georgia. The defendant Huddle House, Inc., is a corporation with its principal place of business in the state of Georgia; the state of incorporation of the defendant Huddle House, Inc., is the state of Georgia. (Affidavit of Claudia Koeppel Levitas, attached hereto as Exhibit 3). The defendant described as "Gwynne Straughn" is an unserved defendant, and is alleged to be a resident of the State of Alabama, however, the citizenship of defendant Straughn is to be ignored for purposes of determining diversity of citizenship due to her status as a defendant unserved with process for in excess of 120 days; further, only one attempt at service of defendant Straughn has been made by plaintiff, that unsuccessful attempt being returned "undeliverable" on or about January 8, 2007. As no further attempt to serve this defendant has been made for just days short on one calendar year, it appears that the joinder of this defendant was made for the purpose of defeating diversity jurisdiction.

       3.     This cause was filed by the above-named Plaintiff in the Circuit Court of Covington County, Alabama, on January 2, 2007, by the filing of the complaint and an issuance of a summons thereon. The Plaintiffs are seeking recovery of a sum in excess of seventy-five thousand dollars ($75,000.00). Though the complaint is indeterminate in its ad damnum, attached as exhibit 1 to the original Petition for Removal is correspondence from plaintiffs'

counsel assessing damages at $250,000.00, an amount in excess of the minimum jurisdictional limits of the U.S. District Court. Defendant Huddle House, Inc., incorporates by reference Exhibit 1 of the original Petition as if attached hereto in its entirety.

4. The above entitled cause is an action of a civil nature and the amount in controversy exceeds the sum of seventy-five thousand dollars ($75,000.00), exclusive of interest and costs.

The Plaintiffs were at the time the aforementioned state court action was commenced, and still are, residents and citizens of the state of Alabama (except that the plaintiff Lillie Mae Windham is now deceased, proper suggestion of which death has been made upon the record in the proceedings in state court). Defendant Huddle House, Inc., was at the time the aforementioned state court action was commenced, and still is, a resident and citizen of the State of Georgia.

Accordingly, the claim in this action against the Petitioner is one of which this Court has original jurisdiction under the provisions of 28 U.S.C. §1332.

5. A copy of the summons and complaint were attached to the original Petition for Removal dated January 2, 2008 as Defendant's Exhibit 2, together with all other process, pleadings and orders filed in the above-styled action. Defendant Huddle House, Inc., incorporates by reference Exhibit 2 of the original Petition as if attached hereto in its entirety. This amended petition for removal is not filed within thirty days of the date your Petitioner received service of process; however, the presence of an unserved resident defendant has prevented removal of this cause by defeating diversity; the cause was removed on the last day available to remove the cause to the United States District Court based on what appears to have been joinder of the non-diverse defendant solely for the purpose of defeating diversity jurisdiction; i.e., fraudulent joinder.

6. Your Petitioner desires to remove the aforementioned state court action into the United States District Court for the Middle District of Alabama, pursuant to the Acts of Congress in that behalf made and provided and pursuant to the provisions of the Federal Rules of Civil Procedure.

7. Your Petitioner asserts that all served defendants consent to the removal of this action to the United States District Court, but that no consent has been obtained from the non-served defendant as there has been no communication in that regard.

WHEREFORE, your Petitioner prays that the removal of said cause into the United States District Court for the Middle District of Alabama be effected and no further or other proceedings may be had with respect to this matter in the Circuit Court of Covington County, Alabama, pending the final decision and determination of this controversy in the United States District Court.

STATE OF ALABAMA
COVINGTON COUNTY

Personally appeared before me, the undersigned authority, within and for said State and County, John M Peek, who, being first duly sworn, deposes and says that he is the attorney in the above-entitled cause for Huddle House, Inc.; that he is familiar with the allegations of the foregoing petition; that he is informed and believes that the allegations of said petitioner are true

and correct, and that upon such information and belief, states the allegations of said petition are true and correct.

_____
John M Peek

Sworn to and subscribed before me on January 10, 2008.

_____
Notary Public

My Commission Expires 9/25/2011

Respectfully submitted,

JOHN M PEEK, P. C.

By _____
John M Peek
416 South Three Notch Street
Andalusia, Alabama 36420
334/427-8082
johnpeek@alabamalawyer.net
Attorney for Defendant Huddle House, Inc.

### CERTIFICATE OF SERVICE

I hereby certify that I have this date served a copy of the above and foregoing on all counsel of record for the parties by e-filing and/or by placing a copy of same in the United States mail, postage prepaid and addressed to their regular mailing address as follows:

Thomas B. Albritton
Albrittons, Clifton, Alverson, Moody & Bowden
109 Opp Avenue
Post Office Drawer 880
Andalusia, AL 36420

January 10, 2008.

_____
John M Peek

# Exhibit 3

IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA

GENE WINDHAM and
LILLIE MAE WINDHAM,

    Plaintiffs,

VS.                      CASE NUMBER 2:08CV007-MHT

HUDDLE HOUSE, INC.,
GWYNNE STRAUGHN, et al.,

    Defendants.

## AFFIDAVIT REGARDING CORPORATE CITIZENSHIP

    My name is Claudia Koeppel Levitas. I give this affidavit on my personal knowledge. I am the General Counsel for Huddle House, Inc. Huddle House, Inc., was incorporated in the State of Georgia; i.e., the state of incorporation for Huddle House, Inc. is the state of Georgia; Huddle House, Inc. has its principal place of business in the State of Georgia, and has had its principal place of business in the State of Georgia at all times material to this case. Huddle House, Inc., is a citizen of the State of Georgia, and has been at all times within the past five years. Huddle House, Inc., is not a citizen of the State of Alabama.

                                                        /s/ Claudia Koeppel Levitas
                                                        Claudia Koeppel Levitas

State Of Georgia

County Of Gwinnett

    Before me, **Esther Moszkowicz**, a notary public, in and for said State and County, personally appeared Claudia Koeppel Levitas, who being by me first duly sworn, deposes and says: That the matter contained in the above and foregoing affidavit is true and correct according to the best of her knowledge, information and belief.

    Sworn to and subscribed before me this 10th day of January, 2008.

                                            /s/ Esther Moszkowicz
                                            NOTARY PUBLIC

Esther Moszkowicz
Notary Public
Gwinnett County
State of Georgia
My Commission Expires December 9th 2011

                                            My Commission Expires 12-9-2011