IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| GENE WINDHAM, individually, and as the personal representative of the Estate of LILLIE MAE WINDHAM, deceased,<br><br>   Plaintiff,<br><br>vs.<br><br>HUDDLE HOUSE, INC., a foreign corporation; HUDDLE HOUSE #389 & 482, a domestic corporation; GWYNNE STRAUGHN, an individual; FRANCIS and WYATT SASSER, individuals,<br><br>   Defendants. | CASE NO. 2:08CV007 |

**FIRST AMENDED COMPLAINT**

COMES NOW the Plaintiff, pursuant to the Court's Order in this case, and Amends his Original Complaint as follows:

1. The Plaintiff Gene Windham is a resident of Covington County, Alabama and is the personal representative of the Estate of his wife, Lillie Mae Windham.

2. The Plaintiff's decedent, Lillie Mae Windham, was a resident of Covington County, Alabama until her death on August 14, 2007.

3. The Defendant Huddle House, Inc. is a corporation doing business in Covington County, Alabama at all times relevant hereto.

4. The Defendant Huddle House #389 & 482 is a domestic corporation in Andalusia known collectively as "The Huddle House."

5. The Defendant Gwynne Straughn at all times relevant hereto was the manager of

Huddle House #389 & 482, is a resident of Covington County, Alabama, had supervisory control over the area where the Plaintiff fell, and had, as well, the duty to warn patrons of the dangers posed by the unreasonably dangerous condition of the property she managed.

6.      The Defendants Francis and Wyatt Sasser are the owners of The Huddle House in Andalusia and they live in Covington County, Alabama.

7.      All acts and omissions giving rise to this Complaint occurred in Covington County, Alabama.

## COUNT ONE–NEGLIGENCE

8.      The Plaintiff incorporates by reference and realleges as if fully set out herein all previous allegations.

9.      On or about the 19th day of January 2006, the Plaintiff's decedent, Lillie Mae Windham, was an invitee on the premises known as "The Huddle House" in Andalusia, Alabama which was either owned by or under the control of the Defendants.  As such, all of the defendants owed her a duty to use reasonable care in maintaining their property in a reasonably safe condition.   While on the premises, however, Mrs. Windham attempted to enter the building. Mrs. Windham was elderly and in poor health.  She attempted to enter the building by a wheelchair ramp, but the wheelchair ramp had been constructed in such a way as to violate applicable building codes, ordinances and regulations with respect to the height, grade and general construction of wheelchair ramps, rendering it defective and unreasonably dangerous.  She was, as a proximate  result of these defects, physically unable to use the ramp.   The only other available means of entry was by stepping up on a curb adjacent to the building, which she attempted to do.  In the process, and as a proximate result thereof, she tripped and fell, causing her permanent pain and injury until the date of her death.

10. The Defendants were on notice of this defective condition of the premises, and, in fact, created this condition.

11. The Defendants, including but not limited to Gwynne Straughn, manager, and Wyatt and Francis Sasser, owners, breached this duty in that they failed to correct this defective condition on the premises, failed to notify the Plaintiff's decedent Lillie Mae Windham of this defect in the premises, said defect not being able to be discovered through the exercise of ordinary care, and further failed to provide her reasonably safe means of ingress and egress from the building.

WHEREFORE, for the above reasons, the Plaintiff demands judgment against the Defendants for compensatory damages to include, but not to be limited to, damages for mental anguish.

## COUNT TWO–WANTONNESS

12. The Plaintiffs incorporate by reference as if fully set out herein all previous allegations.

13 On or about the 19th day of January 2006, the Plaintiff's decedent Lillie Mae Windham, was an invitee on the premises known as "The Huddle House" in Andalusia, Alabama which was either owned by or under the control of the Defendants. As such, all of the defendants owed her a duty to use reasonable care in maintaining the property in a reasonably safe condition. While on the premises, however, Mrs. Windham attempted to enter the building. Mrs. Windham was elderly and in poor health. She attempted to enter the building by a wheelchair ramp, but the wheelchair ramp had been constructed in such a way as to violate applicable building codes, ordinances and regulations with respect to the height, grade and general construction of wheelchair ramps, rendering it defective and unreasonably dangerous. She was, as a proximate

result of these defects, physically unable to use the ramp.  The only other available means of entry was by stepping up on a curb adjacent to the building, which she attempted to do.  In the process, and as a proximate result thereof, she tripped and fell, causing her permanent pain and injury until the date of her death.

14.    The Defendants, including but not limited to Gwynne Straughn, manager, and Wyatt and Francis Sasser, owners, with a conscious disregard to the Plaintiff's decedent's rights and safety, breached this duty they owed to the Plaintiff's decedent in that they failed to correct this defective condition on the premises, failed to notify the Plaintiff's decedent, Lillie Mae Windham, of this defect in the premises, said defect not being able to be discovered through the exercise of ordinary care, and further failed to provide her reasonably safe means of ingress and egress from the building.

WHEREFORE, for the above reasons, the Plaintiffs demand judgment against the Defendants for compensatory damages to include, but not to be limited to, damages for mental anguish and for punitive damages.

## COUNT THREE–NEGLIGENCE PER SE

15.    The Plaintiffs incorporate by reference and reallege as if fully set out herein, all previous allegations.

16.    The Defendants, at all times relevant hereto, were under a duty to construct the wheelchair ramps and other means of ingress and egress to the building they owned and/or controlled and/or managed in such a way so as to comply with all applicable ordinances, statutes and regulations regarding the construction of wheelchair ramps and means of ingress and egress to property, said statutes, ordinances or regulations having been enacted to protect a class of citizens to which the Plaintiff's decedent, Lillie Mae Windham, belonged.

17. The Defendants breached this duty and as a proximate result thereof caused permanent injury to the Plaintiff's decedent, Lillie Mae Windham, from the time of her initial injury until her death.

WHEREFORE, for the above reasons, the Plaintiffs demand judgment against the Defendants for compensatory damages to include, but not to be limited to, damages for mental anguish and for punitive damages.

### COUNT FOUR–LOSS OF CONSORTIUM

18. The Plaintiffs incorporate by reference and reallege as if fully set out herein, all previous allegations.

19. On the 19th day of January 2006, and at all times thereafter up to the date of his wife's death, as a proximate result of the actions of the Defendants, the Plaintiff Gene Windham was caused to be deprived of the love, companionship and services of his wife, Lillie Mae Windham.

WHEREFORE, for the above reasons, the Plaintiff Gene Windham demands judgment against the Defendants for compensatory damages for loss of consortium.

**PLAINTIFFS DEMAND A TRIAL BY JURY ON ALL ISSUES IN THIS CAUSE.**

/s/Thomas B. Albritton
Thomas B. Albritton (ALB009)
Attorney for Plaintiffs

OF COUNSEL:

ALBRITTONS, CLIFTON,
ALVERSON, MOODY & BOWDEN, P.C.
109 Opp Ave.
Andalusia, AL 36420
(334)-222-3177
(334)-222-2696

## CERTIFICATE OF SERVICE

      I hereby certify that I have this date served a copy of the foregoing upon all counsel of record in this cause by electronic service if registered, and if not, by regular U.S. Mail, postage prepaid and addressed as follows, on this, the 23rd day of January, 2008:

Mr. John M. Peek
416 South Three Notch Street
Andalusia, AL 36420

                                          /s/Thomas B. Albritton
                                          Of Counsel