**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF ALABAMA**
**NORTHERN DIVISION**

| | | |
|---|---|---|
| **GENE WINDHAM, individually, and** | ) | |
| **as the personal representative of the** | ) | |
| **Estate of LILLIE MAE WINDHAM,** | ) | |
| **deceased,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **CASE NO. 2:08CV007** |
| | ) | |
| **HUDDLE HOUSE, INC., a foreign** | ) | |
| **corporation; HUDDLE HOUSE #389 &** | ) | |
| **482, a domestic corporation; GWYNNE** | ) | |
| **STRAUGHN, an individual; FRANCIS and** | ) | |
| **WYATT SASSER, individuals,** | ) | |
| | ) | |
| **Defendants.** | ) | |

**MOTION TO REMAND**

COMES NOW the Plaintiff and moves this Court to Remand this action to the Circuit

Court of Covington County, Alabama. In support of this Motion, the Plaintiff argues the

following:

1. The Defendants removed this case based on diversity of citizenship. The Defendants

bear the burden of establishing the propriety of removal, and, therefore, of establishing the

existence of federal jurisdiction. <u>Leonard v. Enterprise Rent-a-Car</u>, 270 F.3d 967 (11th Cir.

2002). Removal infringes upon state sovereignty and implicates central concepts of federalism.

Removal statutes, therefore, must be construed narrowly, with all doubts resolved in favor of

remand. <u>Allen v. Christenberry</u>, 327 F.3d 1290 (11th Cir. 2003); <u>Newman v. Spectrum Stores,</u>

<u>Inc.</u>, 109 F. Supp. 2d 1342 (M.D. Ala. 2000).

2. According to the rule of complete diversity, no Plaintiff may share the same citizenship

with any defendant.  28 U.S.C.A. § 1332; <u>Audi Performance & Racing, LLC v. Kasberger</u>, 273 F.Supp.2d 1220 (M.D.Ala. 2003).

3.   In the present case, this Court lacks jurisdiction under 28 U.S.C. § 1332 because complete diversity does not exist.  The Plaintiff is a resident of Covington County, Alabama.  The Defendant Gwynne Straughn is a resident of Covington County, Alabama.  The Defendants Wyatt and Francis Sasser are residents of Covington County, Alabama, as well; and Huddle House #389 and 482, collectively known as "The Huddle House," is located in Andalusia, Covington County, Alabama.

4.   For the reasons set forth in the Plaintiff's Response to Show Cause Order, the citizenship of Gwynne Straughn, who was a non-diverse defendant at the time the case was removed, should not be disregarded for purposes of this analysis.  Even if her citizenship were disregarded, however, there is still a lack of complete diversity in light of the Plaintiff's First Amended Complaint.

5.   The fact that two non-diverse defendants have been added post removal does not preclude remand.  "If after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court."  28 U.S.C.A. 1447.  This Circuit has held that in determining whether to allow the amendment, the court should examine the following factors: (1) the extent to which the purpose of the amendment is to defeat federal jurisdiction, (2) whether the plaintiff has been dilatory in asking for the amendment, (3) whether the plaintiff will be significantly injured if the amendment is not allowed, and (4) any other factors bearing on the equities.  See <u>Jones v. Rent-A-Center East, Inc.</u>, 356 F.Supp.2d 1273 (M.D.Ala. 2005).

In the present case, the purpose of the amendment is not to defeat federal jurisdiction.

Although this Court cannot consider the identity of fictitious parties in determining diversity, the Plaintiffs originally sued fictitious defendants, and alleged at that time that these fictitious parties were "those persons, firms or corporations who are unknown at this time but who will be added by amendment when ascertained, *but who either owned or controlled the premises made the basis of this lawsuit or who were under an obligation, contractual or otherwise, to maintain the premises at issue*." See original complaint (emphasis added). Therefore, the Plaintiffs did, at least, express when the lawsuit was originally filed that they were unsure who might otherwise be responsible for the premises, or who might be the owners, which they now seek to clarify as a result of informal discovery done on their part.

The Plaintiff has not been dilatory in asking for the amendment. Plaintiff Lillie Mae Windham died in August 2007. The Plaintiff Gene Windham did not receive Letters of Administration until December 2007. The Plaintiff's delay in amending to add the Sassers and other defendants was based on the desire to amend the complaint once after the Letters were received, rather than having to file multiple amendments.

The Defendant will not be significantly prejudiced by allowing the amendment. No discovery has been conducted by either party to this case. The matter was not set for trial in the state court, and is not currently set for trial in this Court. The Plaintiff, however, will be significantly prejudiced by the Court not allowing the amendment to add the Sassers who are, upon information and belief, the owners of the store where the Mrs. Windham fell. Finally, if there is a lack complete diversity already when the Court considers the citizenship of Gwynne Straughn, allowing this amendment will not place the Defendants in any different position from that in which they are currently.

WHEREFORE, because the Plaintiff and three of the defendants share the same

citizenship, the Plaintiff moves this Court to Remand this entire matter to the Circuit Court of

Covington County, Alabama.

/s/Thomas B. Albritton
Thomas B. Albritton (ALB009)
Attorney for Plaintiffs

OF COUNSEL:

ALBRITTONS, CLIFTON,
ALVERSON, MOODY & BOWDEN, P.C.
109 Opp Ave.
Andalusia, AL 36420
(334)-222-3177
(334)-222-2696

## CERTIFICATE OF SERVICE

I hereby certify that I have this date served a copy of the foregoing upon all counsel of record in this cause by electronic service if registered, and if not, by regular U.S. Mail, postage prepaid and addressed as follows, on this, the 23rd day of January, 2008:

Mr. John M. Peek
416 South Three Notch Street
Andalusia, AL 36420

/s/Thomas B. Albritton
Of Counsel