IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| GENE WINDHAM, individually, and as the personal representative of the Estate of LILLIE MAE WINDHAM, deceased, | ) ) ) ) ) |
| Plaintiff, | ) ) |
| vs. | ) ) |
| HUDDLE HOUSE, INC., a foreign corporation; HUDDLE HOUSE #389 & 482, a domestic corporation; GWYNNE STRAUGHN, an individual; FRANCIS and WYATT SASSER, individuals, | ) ) ) ) ) ) |
| Defendants. | ) |

CASE NO. 2:08CV007

### RESPONSE TO ORDER TO SHOW CAUSE

COMES NOW the Plaintiff, and in response to the Court's Order to Show Cause why Defendant Gwynne Straughn was not fraudulently joined, says as follows:

1. The Eleventh Circuit applies a two-fold test for determining whether a defendant has been fraudulently joined: the removing party must show either (1) that there is no possibility the plaintiff could establish a cause of action against the resident defendant in state court, or (2) that the Plaintiff fraudulently pleaded jurisdictional facts. Crowe v. Coleman, 113 F.3d 1536 (11th Cir. 1997); Jones v. Triple Crown Services Co., 44 F.Supp.2d 1339 (M.D. Ala. 1999). If the removing party fails to establish the existence of fraudulent joinder, then the case must be remanded to state court. Id.; see also Bolling v. Union Nat'l Life Insur. Co., 900 F.Supp. 400 (M.D. Ala. 1995).

2. The Defendant has not alleged that the Plaintiff fraudulently pleaded jurisdictional facts; therefore, the Court should apply the first test in the present case.

3. The burden of proving fraudulent joinder is the Defendant's burden. Coker v. Amoco Oil Co., 709 F.2d 1433 (11th Cir. 1983). Defendants have a heavy burden in attempting to prove fraudulent joinder. Bolling, 900 F.Supp. at 407. A claim of fraudulent joinder must be supported by clear and convincing evidence. Parks v. New York Times Co., 308 F.2d 474 (5th Cir. 1962); Bolling, 900 F. Supp. at 406. In evaluating whether there has been fraudulent joinder, all allegations and submissions must be viewed in the light most favorable to the plaintiff. See Crowe, 113 F.3d at 1538. In fact, "the district court should resolve all questions of fact and controlling law in favor of the plaintiff...." Id.

4. The Defendant has failed to establish by any evidence, much less clear and convincing evidence, that the Defendant Gwynne Straughn has been fraudulently joined. The Defendant does not allege that the Plaintiff fraudulently pleaded jurisdictional facts. In fact, the only evidence that the Defendant offers in support of his fraudulent joinder argument is that the Defendant has failed to have the Complaint served on Mrs. Straughn

The majority rule, and the one adopted in the 11th Circuit, is that "[w]henever federal jurisdiction in a removal case depends upon complete diversity, the existence of diversity is determined from the fact of citizenship of the parties named and not from the fact of service." New York Life Ins. Co. v. Deshotel, 142 F.3d 873 (8th Cir. 1981). See Cope v. American Intern. Group, Inc., 2006 WL 317238 (M.D. Ala. 2006)(rejecting the same argument the Defendant herein raises), attached hereto as Exhibit "A." Moreover, the Plaintiff herein attempted service on the Defendant Gwynne Straughn, but the service was returned. See Exhibit "B" attached hereto. For this reason, the citizenship of the Defendant Gwynne Straughn should not be disregarded in the present case. See id.

Finally, the Plaintiff has sued this Defendant for claims upon which relief can be granted in

state court. The Plaintiff has sued this particular Defendant for negligence and wantonness arising out of her duties as store manager at the time of the fall made the basis of this suit. Until such time as discovery is done with respect to those allegations, it would premature to dismiss those claims on their merits. In any event, negligence is certainly a claim recognized in the state courts in Alabama.

WHEREFORE, for the above reasons, the Plaintiff shows unto this Court that the Defendant Gwynne Straughn was not fraudulently joined in this case, and he moves this Court to grant his Motion for Remand filed contemporaneously herewith.

/s/Thomas B. Albritton
Thomas B. Albritton (ALB009)
Attorney for Plaintiffs

OF COUNSEL:

ALBRITTONS, CLIFTON,
ALVERSON, MOODY & BOWDEN, P.C.
109 Opp Ave.
Andalusia, AL 36420
(334)-222-3177
(334)-222-2696

## CERTIFICATE OF SERVICE

I hereby certify that I have this date served a copy of the foregoing upon all counsel of record in this cause by electronic service if registered, and if not, by regular U.S. Mail, postage prepaid and addressed as follows, on this, the 23rd day of January, 2008:

Mr. John M. Peek
416 South Three Notch Street
Andalusia, AL 36420

/s/Thomas B. Albritton
Of Counsel

Westlaw

Not Reported in F.Supp.2d
Not Reported in F.Supp.2d, 2006 WL 317238 (M.D.Ala.)
(Cite as: Not Reported in F.Supp.2d)

Cope v. American Intern. Group, Inc.
M.D.Ala.,2006.
Only the Westlaw citation is currently available.
United States District Court,M.D. Alabama, Eastern Division.
Mary COPE, Plaintiff,
v.
AMERICAN INTERNATIONAL GROUP, INC., et al., Defendants.
No. Civ.A.305CV751WHA.

Feb. 9, 2006.

Charles Lance Gould, Jere L. Beasley, Thomas J. Methvin, Beasley, Allen, Crown, Methvin, Portis & Miles PC, Montgomery, AL, for Plaintiff.
Jeffrey M. Grantham, John ThomasAquina Malatesta, III, Thomas Julian Butler, Maynard, Cooper & Gale, P.C., David Alan Elliott, Matthew Thomas Mitchell, Robert Howard Rutherford, Burr & Forman LLP, Birmingham, AL, for Defendants.

*MEMORANDUM OPINION*

ALBRITTON, Senior J.

I. INTRODUCTION

*1 This cause is before the court on a Motion to Remand filed by the Plaintiff, Mary Cope, on August 29, 2005 (Doc. # 13) and a Motion for Additional Time to Respond to Plaintiff's Motion to Remand for the Purpose of Conducting Remand-Related Discovery filed by the Defendants on September 19, 2005 (Doc. # 19).

The Plaintiff originally filed her Complaint in this case in the Circuit Court of Macon County, Alabama. The Plaintiff has asserted claims for fraud (Count One), negligent and/or wanton hiring, training, or supervision (Count Two), breach of fiduciary duty (Count Three), and negligent or wanton misrepresentation (Count Four).

American General Financial Services of Alabama, Inc. filed a Notice of Removal, stating that diversity subject matter exists in this case because the non-diverse Defendant, Kathie Rowell, has been fraudulently joined.

For reasons to be discussed, the Motion to Remand is due to be GRANTED and the Motion for Additional Time to Respond to Plaintiff's Motion to Remand for the Purpose of conducting Remand-Related Discovery is due to be DENIED.

II. REMAND STANDARD

Federal courts are courts of limited jurisdiction. *See Kokkonen v. Guardian Life Ins. Co. of America,* 511 U.S. 375, 114 S.Ct. 1673, 128 L.Ed.2d 391 (1994); *Burns v. Windsor Insurance Co.,* 31 F.3d 1092, 1095 (11th Cir.1994); *Wymbs v. Republican State Executive Committee,* 719 F.2d 1072, 1076 (11th Cir. 1983), *cert. denied,*465 U.S. 1103, 104 S.Ct. 1600, 80 L.Ed.2d 131 (1984). As such, federal courts only have the power to hear cases that they have been authorized to hear by the Constitution or the Congress of the United States. *SeeKokkonen,* 511 U.S. at 377. Because federal court jurisdiction is limited, the Eleventh Circuit favors remand of removed cases where federal jurisdiction is not absolutely clear. *SeeBurns,* 31 F.3d at 1095.

III. FACTS

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Page 1

Not Reported in F.Supp.2d
Not Reported in F.Supp.2d, 2006 WL 3172738 (M.D.Ala.)
(Cite as: Not Reported in F.Supp.2d)

Page 2

The facts alleged in the Complaint, as they pertain to the Motion to Remand, are as follows:

The Plaintiff, Cope, entered into several loans with the Defendants in 1997. Defendant Kathie Rowell ("Rowell") made representations to Cope during these transactions. Cope alleges that the following misrepresentations were made by Rowell: that if Cope purchased the credit insurance offered to her, her score/rating would be better and she stood a better chance of getting the loan she requested; that if Cope paid off her other debts and consolidated them with the loan, she would save money; that the best way to save money would be to refinance previous loans into a single loan and that Defendants refused to allow Cope to have a separate loan, and that credit insurance was a good deal and offered great value and protection. Cope alleges that these representations were fraudulent.

IV. DISCUSSION

A federal district court may exercise subject matter jurisdiction over a civil action in which only state law claims are alleged if the civil action arises under the federal court's diversity jurisdiction. See 28 U.S.C. § 1332(a)(1). The diversity statute confers jurisdiction on the federal courts in civil actions "between citizens of different states," in which the jurisdictional amount is met. Id. To satisfy diversity, not only must a plaintiff be a citizen of a state other than the state of which one defendant is a citizen, but also, under the rule of "complete diversity," no plaintiff may share the same state citizenship with any defendant. See Strawbridge v. Curtiss, 7 U.S. (3 Cranch) 267, 2 L.Ed. 435 (1806). Because of the complete diversity requirement for subject matter jurisdiction based on diversity of citizenship, a plaintiff may prevent removal simply by joining a defendant who shares the same state citizenship as the plaintiff. The filing of a frivolous or otherwise illegitimate claim against a non-diverse defendant solely to prevent removal is called a

"fraudulent joinder." Courts may disregard the citizenship of fraudulently joined defendants when assessing the existence of complete diversity. See Tedder v. F.M.C. Corp., 590 F.2d 115, 117 (5th Cir.1979); FN1 see also Jim Walter Homes, Inc., 918 F.Supp. 1498 (M.D.Ala.1996).

FN1. In Bonner v. City of Pritchard, 661 F.2d 1206, 1209 (11th Cir. Nov.1981)(en banc), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit issued prior to October 1, 1981.

*2 The Eleventh Circuit applies a threefold test for determining whether a defendant has been fraudulently joined: the removing party must show either (1) that there is no possibility the plaintiff could establish a cause of action against the resident defendant in state court, (2) that the plaintiff fraudulently pleaded jurisdictional facts, or (3) where a diverse defendant is joined with a non-diverse defendant as to whom there is no joint, several or alternative liability and the claim has no real connection to the claim against the nondiverse defendant. See Triggs v. John Crump Toyota, 154 F.3d 1284, 1287 (11th Cir. 1998).

The burden of proving fraudulent joinder rests with the Defendants as the removing parties. See Crowe v. Coleman, 113 F.3d 1536, 1538 (11th Cir.1997). A claim of fraudulent joinder must be supported by clear and convincing evidence. See Parks v. New York Times Co., 308 F.2d 474, 478 (5th Cir.1962), cert. denied, 376 U.S. 949, 84 S.Ct. 964, 11 L.Ed.2d 969 (1964). In evaluating whether there has been fraudulent joinder, all allegations and submissions must be viewed in the light most favorable to the plaintiff. See Crowe, 113 F.3d at 1538. In fact, "the district court should resolve all questions of fact and controlling law in favor of the plaintiff..." Cabalceta v. Standard Fruit Co., 883 F.2d 1553, 1561 (11th Cir.1989).

In this case, the Defendants argue that there is no possibility that the Plaintiff can establish a cause of

Not Reported in F.Supp.2d
Not Reported in F.Supp.2d, 2006 WL 3172738 (M.D.Ala.)
(Cite as: Not Reported in F.Supp.2d)

Page 3

action against the resident Defendant in state court. The Defendants have argued that the Plaintiff cannot establish reasonable reliance in support of her fraud claim, that her claims against the non-diverse Defendant are time-barred by the two-year statute of limitations, and that the Plaintiff has failed to serve the non-diverse Defendant. In response, the Plaintiff, Cope, contends that the fraud claims asserted in the Complaint state a claim against the resident defendant, Rowell, sufficient to withstand the fraudulent joinder standard.

The court begins with the Defendants' contentions that the Plaintiff's fraud claims against the non-diverse Defendant are barred by the statute of limitations and that the Plaintiff cannot establish reasonable reliance. The court addresses these two arguments together because the Plaintiff's response to the argument that her claims are time-barred is based on a reasonable reliance argument.

"In actions seeking relief on the ground of fraud where the statute has created a bar, the claim must not be considered as having accrued until the discovery by the aggrieved party of the fact constituting the fraud, after which he must have two years within which to prosecute his action." Ala.Code § 6-2-3 (2005). In *Foremost Ins. Co. v. Parham*, 693 So.2d 409, 417, 421-422 (Ala.1997), the Alabama Supreme Court re-affirmed that the two-year limitations period for fraud claims begins when the alleged victim discovered or should have discovered the fraud under a "reasonable reliance" standard.

*3 The court certainly agrees with the general proposition, applied in cases cited by the Defendants, that where documentation contradicts alleged oral misrepresentations, generally a plaintiff should have discovered the alleged fraud upon receipt of the documents, and could not reasonably rely on representations to the contrary. *See, e.g., Owens v. Life Ins. Co. of Georgia*, 289 F.Supp.2d 1319, 1325 (M.D.Ala.2003). This court cannot conclude, however, that that general proposition necessarily applies in this case.

The Defendants in this case argue, citing to Plaintiff's loan documents, that the documents disclose all of the relevant financial terms so that she could have ascertained whether refinancing prior loans and consolidating existing debt was in her best interest. They also argue that the premiums for insurance products were disclosed so that she could ascertain whether the product was a good deal. Finally, the Defendants also point to a disclosure in the loan documents that credit life insurance is not required to obtain a loan.

The Plaintiff contends that she has no training in financial matters, had no reason to suspect that the Defendants had misrepresented the true nature of the loan and insurance transactions, and that the loan documents do not contradict representations made by the Defendants so that the Plaintiff could have discovered the misrepresentations by reading the loan documents.

The court has reviewed the allegations of the Complaint and the loan documents submitted by the Defendants. Particularly with regard to the alleged representation that if the Plaintiff purchased credit insurance, her score/rating would be better and she stood a better chance of getting the loan she requested, the court agrees that there is at least a possibility that a state court would find that the disclosures in the loan documents do not contradict the alleged representation.

The Defendants also have pointed to a decision from a state court, *American Gen. Fin., Inc. v. Quarles, et al.*, Case No. CV-04-380, in which the court concluded that summary judgment was due to be granted as to fraud and suppression claims which are similar to those asserted in this case. The Defendants apparently offer this opinion as proof that there is no possibility that the Plaintiff in this case can establish a claim in state court. The alleged misrepresentations as discussed in the *Quarles* opinion are that (1) that bill consolidation into a loan would save money in the long run, (2) the borrowers were required to purchase insurance to obtain loans, (3) that the long-term effect of refinancing would reduce the total debt that the borrowers would be obligated to pay. Slip Op. at p.

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

13.The state court found that the borrowers' receipt of the loan documents was sufficient notice to start the running of the limitations period. *Id.* at 19.The state court concluded that the documents clearly recited the amount of the loan, the amount of each monthly payment and the number of the months those payments were to be made and that the borrowers were not required to purchase credit life insurance as a requirement to obtain the loan. *Id.* at 22.

*4 There is no allegation in this case that a representation was made that credit life insurance was required for the loan. Therefore, this court cannot conclude that the *Quarles* opinion establishes that there is no possibility Cope will be able to establish a fraud claim in state court, because the documents at issue here do not clearly contradict the representations alleged in the Complaint.

Given the Eleventh Circuit policy favoring remand of removed cases where federal jurisdiction is not absolutely clear, *Burns v. Windsor Insurance Co.,* 31 F.3d 1092, 1095 (11th Cir.1994), and the standard applicable in the fraudulent joinder context, this court cannot conclude that there is no possibility the Plaintiff could establish a fraud claim against the resident defendant in state court despite the defenses of the statute of limitations and alleged inability to establish reasonable reliance.

The Defendants' final argument in support of fraudulent joinder is that the non-resident defendant, Rowell, was not served with the Complaint. The Defendants argue that a failure to attempt service of process is indicative of fraudulent joinder , citing *Mask v. Chrysler Corp.,* 825 F.Supp. 285, 289 (N.D.Ala.1993) and *Morgan v. Estate of Bill Cook,* 180 F.Supp.2d 1301, 1304 (M.D.Ala.2001) (DeMent, J.).

The majority rule is that "[w]henever federal jurisdiction in a removal case depends upon complete diversity, the existence of diversity is determined from the fact of citizenship of the parties named and not from the fact of service."*New York Life Ins. Co. v. Deshotel,* 142 F.3d 873, 883 (5th Cir.1998); *seealsoPecherski v. General Motors Corp.,* 646 F.2d 1156, 1160-61 (8th Cir.1981).

Despite the Defendants' citation to the *Morgan* case, it does not appear that any judge of this court has adopted the minority position. *Morgan,* written by Judge DeMent of this court, did not adopt the rule suggested by the Defendants, but in fact concluded that there was intent to serve the defendant and no fraudulent joinder. *Morgan,* 180 F.Supp.2d at 1304. In addition, Judge DeMent has explicitly adopted the majority rule, stating that "[s]ection 1441(b) does not broaden removal jurisdiction or alter the *Pullman* rule that the citizenship of all defendants, whether served with process or not, must be considered when determining whether complete diversity exists in a removed lawsuit."*Bloodsworth v. Smith & Nephew,* No. Civ. A. 2:05cv622-D, 2005 WL 3470337, *5 n. 5 (M.D.Ala. Dec.19, 2005). Other courts in this circuit have also adopted this rule. *See,e.g.,Beritiech v. Metropolitan Life Ins. Co.,* 881 F.Supp. 557, 559 (S.D.Ala.1995)(relying on *Pullman Co. v. Jenkins,* 305 U.S. 534, 541, 59 S.Ct. 347, 83 L.Ed. 334 (1939)).

This court is persuaded by the reasoning of these cases to follow the majority rule. Therefore, the fact that the non-diverse Defendant was not served does not mean that her citizenship may be disregarded. Further, the applicable standard for determining whether a defendant named in the complaint, whether served or unserved, is fraudulently joined is whether there is any possibility the Plaintiff could establish a cause of action against the resident Defendant in state court.[FN2]Because the Defendants have failed to show that the resident Defendant has been fraudulently joined, the Motion to Remand is due to be GRANTED.[FN3]

FN2. Therefore, it is not necessary for the court to address the possible application of the so-called "common defense rule" referenced by the parties in connection with the Motion for Additional Time, or whether the requisite amount in controversy is present

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d
Not Reported in F.Supp.2d, 2006 WL 317238 (M.D.Ala.)
(Cite as: Not Reported in F.Supp.2d)

in this case.

FN3. The Motion for Additional Time to Respond to Plaintiff's Motion to Remand for the Purpose of Conducting Remand-Related Discovery is due to be DENIED. The Defendants have argued that a statement in the loan document that credit life insurance is optional contradicts any representations to the contrary, and that they must conduct discovery to establish when the Plaintiff received the loan documents and to discover the exact representations she has alleged. As stated above, however, the court has concluded that there is a possibility a state court would not find that the representations as alleged are contradicted by the documents. The motion for discovery also is due to be DENIED to the extent it seeks discovery on the amount in controversy because, as stated above, there is no need to reach the amount in controversy issue in this case.

V. CONCLUSION

*5 For the reasons discussed, the court concludes that the Motion to Remand (Doc. # 13) is due to be GRANTED and the Motion for Additional Time to Respond to Plaintiff's Motion to Remand for the Purpose of Conducting Remand-Related Discovery (Doc. # 19) is due to be DENIED. A separate Order will be entered in accordance with this Memorandum Opinion.

M.D.Ala.,2006.
Cope v. American Intern. Group, Inc.
Not Reported in F.Supp.2d, 2006 WL 317238 (M.D.Ala.)

END OF DOCUMENT

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

```
|----------------------------------------------------------------------------|
| AVSO351                                               CV 2007 000001.00    |
|                                                                            |
|                                          JUDGE: M. ASHLEY MCKATHAN         |
|----------------------------------------------------------------------------|
|                       ALABAMA JUDICIAL DATA CENTER                         |
|                           CASE ACTION SUMMARY                              |
|                              CIRCUIT CIVIL                                 |
|----------------------------------------------------------------------------|
|    IN THE CIRCUIT   COURT OF COVINGTON       COUNTY                        |
|                                                                            |
|     GENE WINDHAM ET AL VS HUDDLE HOUSE INC ET AL                           |
|    FILED:  01/02/2007 TYPE: NEGLIGENCE-GENERAL   TYPE TRIAL: JURY  TRACK:  |
|****************************************************************************|
|  DATE1:            CA:                  CA DATE:                           |
|  DATE2:            AMT:         $ .00   PAYMENT:                           |
|  DATE3:                                                                    |
|****************************************************************************|
|  PLAINTIFF   001: WINDHAM GENE                                             |
|                                         ATTORNEY: ALBRITTON THOMAS BYNUM   |
|                                         ALB009    P O BOX 880              |
|                       , AL   00000-0000                                    |
|                     PHONE: (334)000-0000           ANDALUSIA, AL   36420   |
|  ENTERED:  01/02/2007 ISSUED:           TYPE:                 (334)222-3177|
|  SERVED:              ANSWERED:         JUDGEMENT:                         |
|----------------------------------------------------------------------------|
|  PLAINTIFF   002: WINDHAM LILLIE                                           |
|                                         ATTORNEY: ALBRITTON THOMAS BYNUM   |
|                                         ALB009    P O BOX 880              |
|                       , AL   00000-0000                                    |
|                     PHONE: (334)000-0000           ANDALUSIA, AL   36420   |
|  ENTERED:  01/02/2007 ISSUED:           TYPE:                 (334)222-3177|
|  SERVED:              ANSWERED:         JUDGEMENT:                         |
|----------------------------------------------------------------------------|
|  DEFENDANT   001: HUDDLE HOUSE INC                                         |
|                   THE CORP COMPANY, 2000   ATTORNEY:                       |
|                   INTERSTATE PK STE 204                                    |
|                   MONTGOMERY, AL   36109-0000                              |
|                   PHONE: (334)000-0000                                     |
|  ENTERED:  01/02/2007 ISSUED: 01/02/2007 TYPE:    CERTIFIED                |
|  SERVED:   01/05/07   ANSWERED:         JUDGEMENT:                         |
|----------------------------------------------------------------------------|
|  DEFENDANT   002: STRAUGHN GWYNNE                                          |
|                   1209 BYPASS EAST       ATTORNEY:                         |
|                                                                            |
|                   ANDALUSIA, AL   36420-0000                               |
|                   PHONE: (334)000-0000                                     |
|  ENTERED:  01/02/2007 ISSUED: 01/02/2007 TYPE:    CERTIFIED                |
|  SERVED:              ANSWERED:         JUDGEMENT:                         |
|----------------------------------------------------------------------------|
|                                                                            |
|   01/02/2007    SUMMONS                                                    |
|                                                                            |
|   01/02/2007    COMPLAINT                                                  |
|                                                                            |
|   01/03/2007    CERTIFIED MAI ISSUED: 01/02/2007 TO D001   (AV02)          |
|                                                                            |
|   01/03/2007    CERTIFIED MAI ISSUED: 01/02/2007 TO D002  Ret. 01-8-07     |
|                                                                            |
|          "ODMail Receptacle"                                               |
|------|---------------------------------------------------------------------|
|------|---------------------------------------------------------------------|
|------|---------------------------------------------------------------------|
|------|---------------------------------------------------------------------|
|------|---------------------------------------------------------------------|
|------|---------------------------------------------------------------------|
|  P   01/03/2007                                        CV 2007 000001.00   |
|----------------------------------------------------------------------------|
```