IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

GENE WINDHAM and
LILLIE MAE WINDHAM,

      Plaintiffs,

VS.                        CASE NUMBER 2:08CV007-MHT

HUDDLE HOUSE, INC.,
GWYNNE STRAUGHN, et al.,

      Defendants.

### DEFENDANT'S OPPOSITION TO MOTION TO REMAND

      Comes now the defendant Huddle House, Inc., and in response to the plaintiffs' motion to remand to the Circuit Court of Covington County, Alabama, says as follows:

I.    The cause is not due to be remanded, as the plaintiff has not only failed to serve the allegedly non-diverse defendant denominated as Gwynne Straughn, but has also failed to make any attempt at service of this defendant for over one year, thereby indicating that the plaintiff has no intention of serving or pursuing this defendant as a party.

      On January 2, 2007, plaintiff caused to be issued a summons directed to defendant Gwynne Straughn to be delivered by certified mail at an address in Andalusia, Alabama. The return on service dated January 8, 2007, indicated that the service failed, and the return on service was due to "no receptacle," presumably meaning that there was not a mailbox at the location. No effort to serve this defendant has been undertaken in the thirteen months since the singular attempt at service of process.

      Defendant Huddle House, Inc., has moved separately this date to dismiss the claims against this allegedly non-diverse defendant Straughn. In both this court and in the court below, the plaintiff must complete service upon a defendant within 120 days of filing of the action or suffer dismissal, with some extension available by the court. Particularly. *Federal Rule of Civil Procedure Rule* 4(m) provides for a time limit for service as follows:

> If a defendant is not served within 120 days after the
> complaint is filed, the court — on motion or on its
> own after notice to the plaintiff — must dismiss the
> action without prejudice against that defendant or
> order that service be made within a specified time.
> But if the plaintiff shows good cause for the failure,

> the court must extend the time for service for an
> appropriate period. This subdivision (m) does not
> apply to service in a foreign country under Rule 4(f)
> or 4(j)(1).

Alabama procedure provides for its own similar time limitation for service as follows:
> If service of the summons and complaint is not
> made upon a defendant within 120 days after the
> filing of the complaint, the court, upon motion or on
> its own initiative, after at least fourteen (14) days'
> notice to the plaintiff, may dismiss the action
> without prejudice as to the defendant upon whom
> service was not made or direct that service be
> effected within a specified time; provided, however,
> that if the plaintiff shows good cause for the failure
> to serve the defendant, the court shall extend the
> time for service for an appropriate period. This
> subdivision does not apply to fictitious party
> practice pursuant to Rule 9(h) or to service in a
> foreign country. *Alabama Rule of Civil Procedure 4(b)*.

Under both the Federal and state standards, the plaintiffs have had available a full three times the time allowed by rule to complete service, and have failed to do so without attempt (to the knowledge of Defendant Huddle House, Inc.) for between twelve and thirteen months. Respectfully, failure to serve the individual defendant during that period indicates no interest or intention to pursue the litigation against that unserved defendant.

The plaintiff, though, cites *Cope v. American Intern. Group*, 2006 WL 317238 (M.D. Ala. 2006), asserting that this court rejected the argument made by defendant in the instant case. It is clear from the *Cope* opinion that the **mere fact of non-service** does not generally lead to the citizenship of the unserved defendant being disregarded. However, in the instant case, the fact of non-service coupled with the failure to make any effort at service for thirteen months should satisfy the court that the plaintiff seeks no real or legitimate claim against this particular unserved defendant. Indeed, in *Cope*, in supporting its decision, the District Court quoted Judge DeMent's opinion in *Morgan v. Estate of Bill Cook*, 180 F.Supp.2d 1301 (M.D. Ala. 2001), setting out that Judge DeMent "did not adopt the rule suggested by the Defendants [that unserved defendants' citizenship should be completely ignored], but in fact concluded **that there was intent to serve the defendant and no fraudulent joinder**." (Emphasis supplied.)

Even further, in *Mask v. Chrysler Corp.*, 825 F.Supp. 285 (N.D.Ala. 06/16/1993), the District Court cited *Alphonse v. Omni Hotels Management Corp.*, 757 F.Supp. 722, 724 (E.D. La. 1991), for the proposition that

> The mere naming of nondiverse defendants does not
> alone defeat diversity for removal purposes. . . .

> **Where the plaintiff has acted in such a manner as to indicate no intention of proceeding against these nondiverse parties, the action may be removable.** . . . However, if the parties are simply not yet served, their citizenship may be considered in establishing diversity for purposes of removal.

*Alphonse v. Omni Hotels Management Corp.*, 757 F.Supp. 722, 724 (E.D. La. 1991) (emphasis supplied).

In the instant case, the parties are not "simply not yet served;" instead, the plaintiff has "acted in such a manner as to indicate no intention of proceeding against th[e] nondiverse part[y]," and the action should be removable.

In support, defendant Huddle House, Inc., further directs the Court to prevailing Alabama authority regarding service of process vis a vis the statute of limitations; An action is not "commenced for purposes of the statute of limitations if it is not filed with the bona fide intention of having it immediately served." *Mace v. Centel Business Systems*, 549 So.2d 70 (Ala. 1989). Generally, the claim may be barred where the plaintiff has manifested a lack of intent to serve the defendant promptly after filing. *Thompson v. E.A. Industries, Inc.*, 540 So.2d 1362 (Ala. 1989) citing *Ward v. Saben Appliance Co.*, 391 So.2d 1030 (Ala. 1980) (statute of limitations not complied with where plaintiff requested a delay in service of process after filing complaint). See, also, *Pettibone Crane Co. v. Foster*, 485 So.2d 712 (Ala.1986) (failure to provide address of defendant was manifest evidence of intent not to promptly serve process).

Indeed, "as long as plaintiff has given where service may be attempted or where it may be perfected by publication, or otherwise, **and pursues service of process with reasonable diligence**, plaintiff has sufficiently invoked the jurisdiction of the court and the statute of limitations is tolled. *Doty v. State Dept. Of Industrial Relations*, 564 So.2d 443 (Ala. 1989).

In the instant case, the plaintiffs have not pursued service of process on defendant Straughn, and do not appear to have had an intention to proceed against that defendant. Her status is not merely as an unserved defendant, but instead as a defendant against whom the plaintiffs do not appear to intend to proceed. Under these particular circumstances, the citizenship of this defendant should not defeat diversity jurisdiction of this Court.

II.    The Court should deny joinder of the newly added defendants,

On January 23, 2008, Plaintiff filed an amended complaint purporting to add as defendants two individuals alleged to live in Covington County, Alabama (Francis and Wyatt Sasser) by amendment along with a party identified as a domestic corporation (Huddle House 389 and 482) . In response to the plaintiffs' positions regarding the equities of permitting joinder, defendant Huddle House, Inc., asserts that

a. The purpose of the addition of these defendants appears to be to defeat diversity jurisdiction; the cause of action accrued on January 19, 2006, over two years ago. The case has been pending

for 13 months, 12 ½ of which were with the plaintiffs having joined only Huddle House, Inc., a Georgia corporation, and Gwynne Straughn, an unserved individual defendant. Only after removal to this Court was the amendment made. Further, the Sasser defendants, though alleged to be owners and in control of the premises in the Amended Complaint, are alleged in plaintiffs' motion to remand to have been owners of the property "on information and belief." However, defendant is at a decided disadvantage on this subissue, as discovery may be necessary in order to determine the state of mind of the plaintiff as it relates to the purpose behind the amendment.

b. Regarding whether the plaintiff was dilatory, or in the alternative, diligent, the Circuit Court below ordered the plaintiff to make a more definite statement of the complaint on March 21, 2007. The amended complaint adding the new parties was filed in this court on January 23, 2008. Plaintiff was aware at throughout this time that Huddle House, Inc., is merely a franchisor of the property on which plaintiff indicates she fell.

c. Whether the plaintiff will be significantly injured if the amendment is not allowed: the plaintiffs' case is not being dismissed, and the chosen defendant, Huddle House, Inc., remains as a defendant.

d. Any other factors bearing on the equities: the case is the quintessential case involving federal diversity jurisdiction; the plaintiffs are Alabama residents suing a foreign corporation; an individual has been sued who is alleged to be merely the restaurant manager under allegations NOT that there was a foreign substance on the floor that caused a fall, but that there was instead a defect in the premises which presumably would be outside the control of a restaurant manager. The new parties have been added past the statute of limitations, and at least arguably claims against them may be subject to dismissal. Defendant Huddle House, Inc., withheld from removal of this action until the last possible day for removal, one year from the date of filing, on the possibility that service would be sought or obtained against the individual defendant. Neither was done, and the case should not in equity be remanded at this point on the attempted addition of these new parties.

Respectfully submitted,

JOHN M PEEK, P. C.

By _____
John M Peek
416 South Three Notch Street
Andalusia, Alabama 36420
334/427-8082
johnpeek@alabamalawyer.net
Attorney for Defendant Huddle House, Inc.

## CERTIFICATE OF SERVICE

I hereby certify that I have this date served a copy of the above and foregoing on all counsel of record for the parties by e-filing and/or by placing a copy of same in the United States mail, postage prepaid and addressed to their regular mailing address as follows:

Thomas B. Albritton
Albrittons, Clifton, Alverson, Moody & Bowden
109 Opp Avenue
Post Office Drawer 880
Andalusia, AL 36420

February 1, 2008.

_____
John M Peek