IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| GENE WINDHAM, individually, and ) <br> as the personal representative of the ) <br> Estate of LILLIE MAE WINDHAM, ) <br> deceased, ) <br>  ) <br> Plaintiff, ) <br>  ) <br> vs. ) <br>  ) <br> HUDDLE HOUSE, INC., a foreign ) <br> corporation; HUDDLE HOUSE #389 & ) <br> 482, a domestic corporation; GWYNNE ) <br> STRAUGHN, an individual; FRANCIS and ) <br> WYATT SASSER, individuals, ) <br>  ) <br> Defendants. ) | CASE NO. 2:08CV007 |

REPORT OF PARTIES' PLANNING MEETING

Pursuant to Fed. R. Civ. P. 26(f), the Plaintiff submits the following Rule 26(f) report, having been unable to coordinate a joint Rule 26(f) Report with the Defendants.

The Plaintiff does not request a conference with the Court before entry of the scheduling order.

1. Plaintiff Gene Windham's contentions.

On or about the 19th day of January 2006, the Plaintiff's decedent, Lillie Mae Windham, was an invitee on the premises known as "The Huddle House" in Andalusia, Alabama which was either owned by or under the control of the Defendants. As such, all of the defendants owed her a duty to use reasonable care in maintaining their property in a reasonably safe condition. While on the premises, however, Mrs. Windham attempted to enter the building. Mrs. Windham was elderly and in poor health. She attempted to enter the building by a wheelchair ramp, but the wheelchair ramp had been constructed in such a way as to violate applicable building codes, ordinances and regulations with respect to the height, grade and general construction of wheelchair ramps, rendering it defective and unreasonably dangerous. She was, as a proximate result of these defects, physically unable to use the ramp. The only other available means of entry was by stepping up on a curb adjacent to the building, which she attempted to do. In the process, and as a proximate result thereof, she tripped and fell, causing her permanent pain and injury until the date of her death.

Defendants' contentions.

The Plaintiff has been unable to secure Defendants' contentions.

2. This jury action should be ready for trial by the first jury term in 2009 and at this time is expected to take approximately three days.

3. The Plaintiff requests a pretrial conference in January 2009.

4. The Plaintiff proposes to the Court the following discovery plan:

1

The Plaintiff contends that discovery will be needed on the following subjects: the plaintiff's claims, the defendants' defenses, and the plaintiff's alleged personal injury damages.

All discovery commenced in time to be completed by January 2009.

5. Initial Disclosures. The parties will exchange by March 18, 2008, the information required by Fed. R. Civ. P. 26(a)(1).

6. The parties request until April 18, 2008, to join additional parties and amend the pleadings.

7. Reports from retained experts under Rule 26(a)(2) due:

From the plaintiff by June 18, 2008.

From the defendants by July 18, 2008.

8. Pretrial Disclosures. Final lists of witnesses and exhibits under Rule 26(a)(3) due by September 18, 2008.

9. Discovery Limits.

Maximum of forty interrogatories by each party to any other party. Responses due thirty days after service.

Maximum of six depositions by plaintiff and six by each defendant. Each deposition limited to maximum of seven hours unless extended by agreement of parties.

Maximum of forty requests for admission by each party to any other party. Responses due thirty days after service.

Maximum of forty requests for production of documents by each party to any other party. Responses due thirty days after service.

10. All potentially dispositive motions filed by August 1, 2008.

11. Settlement cannot be evaluated prior to September 18, 2008.

Dated February 18, 2008.

s/ Thomas B. Albritton
Thomas B. Albritton (ALB009)
Attorney for Plaintiff

2

OF COUNSEL:
ALBRITTONS, CLIFTON, ALVERSON.
 MOODY & BOWDEN, P.C.
P.O. Box 880
Andalusia, Alabama 36420
Tel. (334) 222-3177
Fax (334) 222-2696
E-mail: tba@albrittons.com