IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

GENE WINDHAM, individually, and
as the personal representative of the
Estate of LILLIE MAE WINDHAM,
deceased,

    Plaintiff,

vs.                                                CASE NO. 2:08CV007

HUDDLE HOUSE, INC., a foreign
corporation; HUDDLE HOUSE #389 &
482, a domestic corporation; GWYNNE
STRAUGHN, an individual; FRANCIS and
WYATT SASSER, individuals,

    Defendants.

## REPORT OF PARTIES' PLANNING MEETING

Pursuant to Fed. R. Civ. P. 26(f), the parties submit the following Rule 26(f) report.

The parties do not request a conference with the Court before entry of the scheduling order.

1.      Plaintiff Gene Windham's contentions.

On or about the 19th day of January 2006, the Plaintiff's decedent, Lillie Mae Windham, was an invitee on the premises known as "The Huddle House" in Andalusia, Alabama which was either owned by or under the control of the Defendants. As such, all of the defendants owed her a duty to use reasonable care in maintaining their property in a reasonably safe condition. While on the premises, however, Mrs. Windham attempted to enter the building. Mrs. Windham was elderly and in poor health. She attempted to enter the building by a wheelchair ramp, but the wheelchair ramp had been constructed in such a way as to violate applicable building codes, ordinances and regulations with respect to the height, grade and general construction of wheelchair ramps, rendering it defective and unreasonably dangerous. She was, as a proximate result of these defects, physically unable to use the ramp. The only other available means of entry was by stepping up on a curb adjacent to the building, which she attempted to do. In the process, and as a proximate result thereof, she tripped and fell, causing her permanent pain and injury until the date of her death.

        Defendant Huddle House, Inc.'s contentions.

To the knowledge of Defendant Huddle House, Inc., it is the only defendant that has been served with process to date. Defendant Huddle House, Inc., issues a general denial, but also contends that it is a franchisor of restaurants, and that the Huddle House restaurant in Andalusia, Alabama, the site of the alleged injury, is independently owned by a franchisee which is not Huddle House, Inc. Huddle House, Inc., is not the owner of the premises, and neither is the premises under the control of Huddle House, Inc., in any manner as to create or allow for liability as alleged by the plaintiff. Huddle House, Inc., denies both the existence of a dangerous condition at or about the location of the alleged fall and knowledge of such condition. Huddle House, Inc. also disputes that any act or conduct on its part was a proximate cause of any injury to the plaintiffs. This defendant contends that the plaintiffs were contributorily negligent and also assumed the risk associated with the use of the property in its condition, which was neither dangerous nor defective. In any event, all conditions complained of by the plaintiffs in their amended complaint were open and obvious.

2. This jury action should be ready for trial by the first jury term in 2009 and at this time is expected to take approximately three days.

3. The parties request a pretrial conference in January 2009.

4. The parties propose to the Court the following discovery plan:

The parties contend that discovery will be needed on the following subjects: the plaintiff's claims, the defendants' defenses, and the plaintiff's alleged personal injury damages.

All discovery commenced in time to be completed by January 2009.

5. Initial Disclosures. The parties will exchange by March 18, 2008, the information required by Fed. R. Civ. P. 26(a)(1).

6. The parties request until April 18, 2008, to join additional parties and amend the pleadings, if the same may be done as a matter of procedure and prevailing law.

7. Reports from retained experts under Rule 26(a)(2) due:

From the plaintiff by June 18, 2008, and from the defendants by July 18, 2008, except to the extent that disclosure is required prior to that time by rule or as a discovery response.

8. Pretrial Disclosures. Final lists of witnesses and exhibits under Rule 26(a)(3) due by September 18, 2008.

9. Discovery Limits.

Maximum of forty interrogatories by each party to any other party. Responses due thirty days after service.

Maximum of six depositions by plaintiff and six by each defendant. Each deposition limited to maximum of seven hours unless extended by agreement of parties.

Maximum of forty requests for admission by each party to any other party. Responses due thirty days after service.

Maximum of forty requests for production of documents by each party to any other party. Responses due thirty days after service.

10. All potentially dispositive motions filed by August 1, 2008.

11. Settlement cannot be evaluated prior to September 18, 2008.

Dated February 19, 2008.

                                         s/ Thomas B. Albritton
                                         Thomas B. Albritton  (ALB009)
                                         Attorney for Plaintiff

OF COUNSEL:
ALBRITTONS, CLIFTON, ALVERSON.
 MOODY & BOWDEN, P.C.
P.O. Box 880
Andalusia, Alabama 36420
Tel. (334) 222-3177
Fax (334) 222-2696
E-mail: tba@albrittons.com

JOHN M PEEK, P. C.

By: /s/ John M. Peek
John M. Peek
416 South Three Notch Street
Andalusia, Alabama 36420
334/427-8082
johnpeek@alabamalawyer.net
Attorney for Defendant Huddle House, Inc.