IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA

GENE WINDHAM and
LILLIE MAE WINDHAM,

    Plaintiffs,

VS.                           CASE NUMBER 2:08CV007-MHT

HUDDLE HOUSE, INC.,
GWYNNE STRAUGHN, et al.,

    Defendants.

## RESPONSE OF DEFENDANT HUDDLE HOUSE, INC. TO SHOW CAUSE ORDER

    Comes now Defendant, Huddle House, Inc., and in response to the Court's Order to Show Cause as to why this matter should not be remanded to state court because of lack of subject-matter jurisdiction, says as follows:

    The Court has duly noted that the plaintiffs have amended their complaint to add two individual parties whose citizenship is alleged to be in the State of Alabama. As set out by defendant Huddle House, Inc., in its objection to plaintiff's motion for remand, the court should not allow the joinder of these new individual defendants. As stated, on January 23, 2008, Plaintiff filed an amended complaint purporting to add as defendants these two individuals Frances and Wyatt Sasser . Under 28 U.S.C. § 1447(e), "If after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court." Defendant Huddle House, Inc., asserts that the factors set out in Jones v. Rent-A-Center East, Inc., 356 F.Supp.2d 1273 (M.D.Ala. 2005) should be resolved as follows:

a. The purpose of the addition of these defendants appears to be to defeat diversity jurisdiction; the cause of action accrued on January 19, 2006, over two years ago. The case has been pending for 13 months, 12 ½ of which were with the plaintiffs having joined only Huddle House, Inc., a Georgia corporation, and Gwynne Straughn, an unserved individual defendant. Only after removal to this Court was the amendment adding the Sasser defendants made. Further, the Sasser defendants, though alleged to be owners and in control of the premises in the Amended Complaint, are alleged in plaintiffs' motion to remand to have been owners of the property only "on information and belief."

b. Regarding whether the plaintiff was dilatory, or in the alternative, diligent, the Circuit Court below ordered the plaintiff to make a more definite statement of the complaint on March 21, 2007. The amended complaint adding the new parties was filed in this court on January 23,

2008. Plaintiff was aware throughout this time that Huddle House, Inc., is merely a franchisor of the property on which plaintiff indicates she fell.

c. Whether the plaintiff will be significantly injured if the amendment is not allowed: the plaintiffs' case is not being dismissed, and the chosen defendant, Huddle House, Inc., remains as a defendant.

d. Any other factors bearing on the equities: the plaintiffs are Alabama residents suing a foreign corporation; an individual has been sued who is alleged to be merely the restaurant manager under allegations NOT that there was a foreign substance on the floor that caused a fall, but that there was instead a defect in the premises which presumably would be outside the control of a restaurant manager. The new parties have been added past the statute of limitations, and at least arguably claims against them may be subject to dismissal. Defendant Huddle House, Inc., withheld from removal of this action until the last possible day for removal, one year from the date of filing, on the possibility that service would be sought or obtained against the individual defendant. Neither was done, and remand of the case should not be accomplished through the joinder of these new parties without exploration through discovery and through dispositive motions of whether they are in fact proper parties.

Dated February 19, 2008.

JOHN M PEEK, P. C.

By _____
John M Peek
416 South Three Notch Street
Andalusia, Alabama 36420
(334)427-8082
Attorney for Defendant Huddle House, Inc.

CERTIFICATE OF SERVICE

I hereby certify that I have this date served a copy of the above and foregoing on all counsel of record for the parties by electronic filing and/or by placing a copy of same in the United States mail, postage prepaid and addressed to their regular mailing address as follows:

Thomas B. Albritton
Albrittons, Clifton, Alverson, Moody & Bowden
109 Opp Avenue
Post Office Drawer 880
Andalusia, AL 36420

February 19, 2008.

/s/ John M Peek
John M Peek

Case 2:08-cv-00007-MHT-WC    Document 32    Filed 02/19/2008    Page 3 of 3