IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA

GENE WINDHAM and
LILLIE MAE WINDHAM,

      Plaintiffs,

VS.                                         CASE NUMBER 2:08CV007-MHT

HUDDLE HOUSE, INC.,
GWYNNE STRAUGHN, et al.,

      Defendants.

### RESPONSE OF UNDERSIGNED COUNSEL AND DEFENDANT HUDDLE HOUSE, INC., TO SHOW CAUSE ORDER REGARDING FAILURE TO COMPLY WITH ORDER OF JANUARY 9, 2008

      Comes now the undersigned counsel and Defendant, Huddle House, Inc., and in response to the Court's Order to Show Cause as to why counsel should not be held in civil contempt for failure to comply with the court's order of January 9, 2008, says as follows:

      Counsel has not intentionally been contemptuous of the court, and does extend his apology for both any impression of contemptuousness and any inconvenience caused the court and the parties. By way of explanation of the underlying circumstances, the original due date for the Rule 26(f) report fell within a time when undersigned counsel, a solo practice lawyer, was in the early and severe stages of an illness which counsel believed was a common cold, and which counsel anticipated would clear within a few days. Unfortunately the illness, though not critical or life-threatening, was more severe than originally thought and kept counsel at home for approximately three weeks. During this time, counsel did attempt to come into the office but was caused to leave on each occasion shortly after arrival and go home, with the dominant symptom after the dissipation of the sore throat, cough and respiratory problems being severe fatigue. In other words, counsel seemed to have a persistent case of the flu which was long-lasting.

      Upon returning to the office post-recovery, counsel for plaintiff and defendant communicated by phone and email regarding the preparation of the report in order that it should be completed and filed by February 19, 2008 (pursuant to the Court's show cause order), with counsel for plaintiff providing his contentions to be included in the report. Undersigned counsel perceived that the two attorneys would be filing the joint report on or before February 19. Undersigned counsel for defendant was in a mediation out of town all day on February 18, 2008, returning home that night at the conclusion of the mediation to find an email sent by plaintiffs' counsel indicating that plaintiffs' counsel would be filing his contentions and a partial report that day. The plaintiffs' report was filed within a few minutes after that email was sent, though undersigned counsel had not yet received or viewed the email. Counsel for plaintiff

indicated that he would be out of town on February 19, 2008, was filing his report in order not to suffer the potential dismissal of the case, and authorizing undersigned counsel to complete the remaining parts of the report and add plaintiffs' counsel's signature to the completed report. Undersigned counsel did not and does not understand plaintiffs to have been submitting Document 29 as a completed and final report, but submitting it instead to insure that some report would be in the court file given his absence on the due date. On information and belief, plaintiffs' counsel was not aware that the undersigned was out of town in a mediation at that time.

The full and complete report was indeed filed as Document 31 on February 20, 2008, containing what is believed to be all information required by the Court.

To the extent that Documents 29 and 30, on their faces, appear to suggest that undersigned counsel has withheld his contentions required for the report, that is not true or accurate, though undersigned does not believe opposing counsel intended to suggest such behavior was taking place; undersigned believes that lack of cooperation was not what plaintiffs' counsel intended to suggest. In fact, no aspect of the litigation of the case has involved a failure to cooperate between these attorneys.

The premises considered, undersigned counsel requests that the court not impose any finding of civil contempt or any sanction, and in the alternative, requests that the court allow the attorneys to meet with the court and allow this issue to be heard prior to entering such an order.

Dated February 22, 2008.

JOHN M PEEK, P. C.

By _____
John M Peek
416 South Three Notch Street
Andalusia, Alabama 36420
(334)427-8082
Attorney for Defendant Huddle House, Inc.

CERTIFICATE OF SERVICE

I hereby certify that I have this date served a copy of the above and foregoing on all counsel of record for the parties by electronic filing and/or by placing a copy of same in the United States mail, postage prepaid and addressed to their regular mailing address as follows:

Thomas B. Albritton
Albrittons, Clifton, Alverson, Moody & Bowden
109 Opp Avenue
Post Office Drawer 880
Andalusia, AL 36420

February 22, 2008.

_____
John M Peek