IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

```
GENE WINDHAM, an              )
individual, and LILLIE MAE    )
WINDHAM, an individual,       )
                              )
    Plaintiffs,               )
                              )    CIVIL ACTION NO.
    v.                        )      2:08cv007-MHT
                              )           (WO)
HUDDLE HOUSE, INC.,           )
a foreign corporation,        )
et al.,                       )
                              )
    Defendants.               )
```

OPINION AND ORDER

In this trip-and-fall case, plaintiffs Gene Windham and Lillie Mae Windham, charged defendant Huddle House, Inc., Gwynne Staughn, Francis Sasser, and Wyatt Sasser with state-law negligence, negligence per se, and wantonness claims.  Huddle House removed this case from state to federal court based on diversity-of-citizenship jurisdiction.  28 U.S.C. §§ 1332, 1441.  This lawsuit is now before the court on the Windhams' motion to remand.  The motion should be remanded for two reasons:

I.

At the time of removal, the only defendants were Huddle House and Staughn.  In its notice of removal, Huddle House alleged that, although the Windhams and Staughn are all Alabama citizens, complete diversity of citizenship was still present because the Windhams had fraudulently joined Staughn as a defendant.  The court agrees with the Windhams, however, that there has been neither fraudulent joinder, Coker v. Amoco Oil Co., 709 F.2d 1433, 1440 (11th Cir. 1983); Cabalceta v. Standard Fruit Co., 883 F.2d 1553, 1561 (11th Cir. 1989), nor fraudulent misjoinder, Tapscott v. MS Dealer Service Corp., 77 F.3d 1353, 1360 (11th Cir. 1996).

II.

In its opposition to remand, Huddle House also contends that the Sassers, who are Alabama citizens, were added after removal in violation of 28 U.S.C. § 1447(e).

Under § 1447(e), a district court has discretion in deciding whether to permit joinder of a diversity-destroying defendant. This subsection provides:

> "If after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to State court."

28 U.S.C. § 1447(e).

In determining whether joinder is appropriate under § 1447(e), the court balances the equities involved. Tillman v. CSX Transp., Inc., 929 F.2d 1023, 1029 (5th Cir.), cert. denied, 502 U.S. 859 (1991); Hensgens v. Deere & Co., 833 F.2d 1179, 1182 (5th Cir. 1987), cert. denied, 493 U.S. 851 (1989). "[T]he court should consider the extent to which the purpose of the amendment is to defeat federal jurisdiction, whether plaintiff has been dilatory in asking for amendment, whether plaintiff will be significantly injured if amendment is not allowed, and any other factors bearing on the equities." Id.

3

Applying the considerations articulated in Tillman and Hensgens, the court concludes that Sassers were properly added as defendants. It appears that the Windhams desire to pursue proper claims against the Sassers. There is no credible evidence that the Windhams seek to add the Sassers to defeat federal jurisdiction or that the Windhams have been dilatory in pursuing the Sassers. It also appears that it would be in the best interest of all parties if the claims against the Sassers and the other defendants were tried by the same factfinder.

Accordingly, it is the ORDER, JUDGMENT, and DECREE of the court as follows:

(1) Plaintiff Gene Windham and Lillie Mae Windham's motion to remand (Doc. No. 15) is granted;

(2) This lawsuit is remanded to the Circuit Court of Covington County, Alabama pursuant to 28 U.S.C. § 1447(c).

**All other pending motions are left for resolution by the state court after remand.**

**The clerk of the court is DIRECTED to take appropriate steps to effect the remand.**

**DONE, this the 28th day of February, 2008.**

                     /s/ Myron H. Thompson
                     **UNITED STATES DISTRICT JUDGE**

A copy of this checklist is available at the website for the USCA, 11th Circuit at www.ca11.uscourts.gov
Effective on April 9, 2006, the new fee to file an appeal will increase from $255.00 to $455.00.

## CIVIL APPEALS JURISDICTION CHECKLIST

**1.** **Appealable Orders:** Courts of Appeals have jurisdiction conferred and strictly limited by statute:

   (a) **Appeals from final orders pursuant to 28 U.S.C. § 1291:** Only final orders and judgments of district courts, or final orders of bankruptcy courts which have been appealed to and fully resolved by a district court under 28 U.S.C.§ 158, generally are appealable. A final decision is one that "ends the litigation on the merits and leaves nothing for the court to do but execute the judgment." Pitney Bowes, Inc. v. Mestre, 701 F.2d 1 365, 1 368 ( 11th Ci r. 1 983). A magistrate judge's report and recommendation is not final and appealable until judgment thereon is entered by a district court judge. 28 U.S.C. § 636(c).

   (b) **In cases involving multiple parties or multiple claims,** a judgment as to fewer than all parties or all claims is not a final, appealable decision unless the district court has certified the judgment for immediate review under Fed.R.Civ.P. 54(b). Williams v. Bishop, 732 F.2d 885, 885- 86 (11th Cir. 1984). A judg ment which resolves all issues except matters, such as attorneys' fees and costs, that are collateral to the merits, is immediately appealable. Budinich v. Becton Dickinson & Co., 486 U.S.196, 201, 108 S.Ct. 1717, 1721-22, 100 L .Ed.2d 178 (1988); LaChance v. Duffy's Draft House, Inc., 146 F.3d 832, 837 (11th Cir. 1998).

   (c) **Appeals pursuant to 28 U.S.C. § 1292(a):** Appeals are permitted from orders "granting, continuing, modifying, refusing or dissolving injunctions or refusing to dissolve or modify injunctions . . ." and from "[i]nterlocutory decrees . . . determining the rights and liabilities of parties to admiralty cases in which appeals from final decrees are allowed." Interlocutory appeals from orders denying temporary restraining orders are not permitted.

   (d) **Appeals pursuant to 28 U.S.C. § 1292(b) and Fed.R.App.P. 5**: The certification specified in 28 U.S.C. § 1292(b) must be obtained before a petition for permission to appeal is filed in the Court of Appeals. The district court's denial of a motion for certification is not itself appealable.

   (e) **Appeals pursuant to judicially created exceptions to the finality rule:** Limited exceptions are discussed in cases including, but not limited to: Cohen v. Beneficial Indus. Loan Corp., 337 U.S. 541, 546, 69S.Ct. 1221, 1225-26, 93 L.Ed. 1528 (1949); Atlantic Fed. Sav. & Loan Ass'n v. Blythe Eastman Paine Webber, Inc., 890 F.2d 371, 376 (11th Cir. 1989); Gillespie v. United States Steel Corp., 379 U.S. 148, 157, 85 S.Ct. 308, 312, 13 L.Ed.2d 199 (1964).

Rev.: 4/04

2. **Time for Filing**: The timely filing of a notice of appeal is mandatory and jurisdictional. Rinaldo v. Corbett, 256 F.3d 1276, 1278 (11th Cir. 2001). In civil cases, Fed.R.App.P. 4(a) and (c) set the following time limits:

   (a) **Fed.R.App.P. 4(a)(1):** A notice of appeal in compliance with the requirements set forth in Fed.R.App.P. 3 must be filed in the district court within 30 days after the entry of the order or judgment appealed from. However, if the United States or an officer or agency thereof is a party, the notice of appeal must be filed in the district court within 60 days after such entry. **THE NOTICE MUST BE RECEIVED AND FILED IN THE DISTRICT COURT NO LATER THAN THE LAST DAY OF THE APPEAL PERIOD – no additional days are provided for mailing.** Special filing provisions for inmates are discussed below.

   (b) **Fed.R.App.P. 4(a)(3):** "If one party timely files a notice of appeal, any other party may file a notice of appeal within 14 days after the date when the first notice was filed, or within the time otherwise prescribed by this Rule 4(a), whichever period ends later."

   (c) **Fed.R.App.P. 4(a)(4):** If any party makes a timely motion in the district court under the Federal Rules of Civil Procedure of a type specified in this rule, the time for appeal for all parties runs from the date of entry of the order disposing of the last such timely filed motion.

   (d) **Fed.R.App.P. 4(a)(5) and 4(a)(6):** Under certain limited circumstances, the district court may extend the time to file a notice of appeal. Under Rule 4(a)(5), the time may be extended if a motion for an extension is filed within 30 days after expiration of the time otherwise provided to file a notice of appeal, upon a showing of excusable neglect or good cause. Under Rule 4(a)(6), the time may be extended if the district court finds upon motion that a party did not timely receive notice of the entry of the judgment or order, and that no party would be prejudiced by an extension.

   (e) **Fed.R.App.P. 4(c):** If an inmate confined to an institution files a notice of appeal in either a civil case or a criminal case, the notice of appeal is timely if it is deposited in the institution's internal mail system on or before the last day for filing. Timely filing may be shown by a declaration in compliance with 28 U.S.C. § 1746 or a notarized statement, either of which must set forth the date of deposit and state that first-class postage has been prepaid.

3. **Format of the notice of appeal:** Form 1, Appendix of Forms to the Federal Rules of Appellate Procedure, is a suitable format. See also Fed.R.App.P. 3(c). A pro se notice of appeal must be signed by the appellant.

4. **Effect of a notice of appeal:** A district court loses jurisdiction (authority) to act after the filing of a timely notice of appeal, except for actions in aid of appellate jurisdiction or to rule on a timely motion of the type specified in Fed.R.App.P. 4(a)(4).