IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

```
GENE WINDHAM, an            )
individual, and LILLIE MAE  )
WINDHAM, an individual,     )
                            )
    Plaintiffs,             )
                            )       CIVIL ACTION NO.
    v.                      )         2:08cv007-MHT
                            )             (WO)
HUDDLE HOUSE, INC.,         )
a foreign corporation,      )
et al.,                     )
                            )
    Defendants.             )
```

OPINION AND ORDER

In this trip-and-fall case, plaintiffs Gene Windham and Lillie Mae Windham, charged defendant Huddle House, Inc., Gwynne Staughn, Francis Sasser, and Wyatt Sasser with state-law negligence, negligence per se, and wantonness claims. Huddle House removed this case from state to federal court based on diversity-of-citizenship jurisdiction. 28 U.S.C. §§ 1332, 1441. This lawsuit is now before the court on the Windhams' motion to remand. The motion should be remanded for two reasons:

I.

At the time of removal, the only defendants were Huddle House and Staughn. In its notice of removal, Huddle House alleged that, although the Windhams and Staughn are all Alabama citizens, complete diversity of citizenship was still present because the Windhams had fraudulently joined Staughn as a defendant. The court agrees with the Windhams, however, that there has been neither fraudulent joinder, Coker v. Amoco Oil Co., 709 F.2d 1433, 1440 (11th Cir. 1983); Cabalceta v. Standard Fruit Co., 883 F.2d 1553, 1561 (11th Cir. 1989), nor fraudulent misjoinder, Tapscott v. MS Dealer Service Corp., 77 F.3d 1353, 1360 (11th Cir. 1996).

II.

In its opposition to remand, Huddle House also contends that the Sassers, who are Alabama citizens, were added after removal in violation of 28 U.S.C. § 1447(e).

2

Under § 1447(e), a district court has discretion in deciding whether to permit joinder of a diversity-destroying defendant. This subsection provides:

> "If after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to State court."

28 U.S.C. § 1447(e).

In determining whether joinder is appropriate under § 1447(e), the court balances the equities involved. Tillman v. CSX Transp., Inc., 929 F.2d 1023, 1029 (5th Cir.), cert. denied, 502 U.S. 859 (1991); Hensgens v. Deere & Co., 833 F.2d 1179, 1182 (5th Cir. 1987), cert. denied, 493 U.S. 851 (1989). "[T]he court should consider the extent to which the purpose of the amendment is to defeat federal jurisdiction, whether plaintiff has been dilatory in asking for amendment, whether plaintiff will be significantly injured if amendment is not allowed, and any other factors bearing on the equities." Id.

3

Applying the considerations articulated in Tillman and Hensgens, the court concludes that Sassers were properly added as defendants. It appears that the Windhams desire to pursue proper claims against the Sassers. There is no credible evidence that the Windhams seek to add the Sassers to defeat federal jurisdiction or that the Windhams have been dilatory in pursuing the Sassers. It also appears that it would be in the best interest of all parties if the claims against the Sassers and the other defendants were tried by the same factfinder.

Accordingly, it is the ORDER, JUDGMENT, and DECREE of the court as follows:

(1) Plaintiff Gene Windham and Lillie Mae Windham's motion to remand (Doc. No. 15) is granted;

(2) This lawsuit is remanded to the Circuit Court of Covington County, Alabama pursuant to 28 U.S.C. § 1447(c).

**All other pending motions are left for resolution by the state court after remand.**

**The clerk of the court is DIRECTED to take appropriate steps to effect the remand.**

**DONE, this the 28th day of February, 2008.**

         /s/ Myron H. Thompson
    **UNITED STATES DISTRICT JUDGE**